Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Telephone:  562-708-3520

Attorneys for Defendant
FKA Distributing Co.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANNE HEITING, an individual**<br><br>        Plaintiff,<br><br>v.<br><br>**FKA DISTRIBUTING CO., a California company, DOES 1 through 25, inclusive**<br><br>        Defendant. | Case No. 24STCV18914<br><br>**DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT**<br><br>Complaint Filed: 7/30/2024<br>Complaint Served: 7/31/2024 |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1146, and 1453, Defendant FKA Distributing Co. LLC ("Defendant") by and through its undersigned counsel, hereby provides notice of removal of the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District for the Central District of California, Los Angeles Division. In support of this Notice of Removal to Federal Court ("Notice of Removal"), Defendant states as follows:

## I. JURISDICTION

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal is proper under 28 U.S.C. §§ 1441 and 1446.

## II. VENUE

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a) and 1446(a).

## III. THE ACTION & TIMELINESS OF REMOVAL

3. On July 30, 2024, Plaintiff Anne Heiting ("Plaintiff") filed a putative class action complaint (the "Complaint") against Defendant in the Superior Court of California, County of Los Angeles, captioned *Heiting, et al. v. FKA Distributing Co.*, Case No. 24STCV18914 (the "State Court Action").

4. Plaintiff's Complaint asserts a cause of action for Violation of California Invasion of Privacy Act Penal Code section 638.51 ("CIPA") against Defendant in connection with Defendant's use of "fingerprinting software" on its website, www.homedics.com, which Plaintiff alleges recorded electronic impulses and identifying information between Plaintiff and Defendant's site and aided third parties to eavesdrop on such communications. (See Ex. 1, p. 3-7 ("Compl.") at ¶¶ 11-30.)

DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT

5. On July 31, 2024, Defendant was served with a copy of the Complaint and Summons in the State Court Action.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date Defendant was served with a copy of the Summons and Complaint in the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been served on or by Defendant in the State Court Action are attached hereto as Exhibit 1.

## IV. MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

8. Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff is "a citizen of California, residing in Los Angeles County." (Compl., ¶ 7.) Defendant is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is his or her permanent home, where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

9. Defendant's Citizenship. Defendant is a citizen of the State of Michigan. The Ninth Circuit has held that the citizenship of a limited liability company for purposes of subject matter jurisdiction on the basis of diversity is determined by the citizenship of each of its members. See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10. Defendant is now and was, at the time this action was commenced, a limited liability company with members as follows: Alon Kaufman, Shari Ferber Kaufman, Annette Ferber Adelman, the Alon D. Kaufman Irrevocable Electing Small Business Trust U/A/D July 1, 2006 (of which Alon is trustee) and the Shari Ferber Kaufman Electing Small Business Trust U/A/D July 1, 2006 (of which Shari

DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT

Ferber is trustee). Alon Kaufman, Annette Ferber Adelman, and Shari Ferber Kaufman are residents of Oakland County, MI, and thus, are citizens of Michigan for the purposes of jurisdiction. Accordingly, Defendant is a citizen of the state of Michigan.

11. <u>Minimal Diversity Exists</u>. Diversity of citizenship is satisfied because Plaintiff is a citizen of the State of California, while Defendant is a citizen of the State of Michigan. *See* 28 U.S.C. § 1332(a).

### V.    AMOUNT IN CONTROVERSY IS MET

12. Removal is appropriate under 28 U.S.C. § 1332(a) when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement of $75,000. See *Cohn v. PetSmart, Inc*., 281 F.3d 837, 839-40 (9th Cir. 2002). For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. See *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

13. In cases of diversity jurisdiction, the claims of individual plaintiffs are not aggregated to meet the jurisdictional threshold, unless they are seeking to enforce a single title or right in which they have a common and undivided interest. Defendant's notice of removal need include only plausible allegations that amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("when a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

14. As demonstrated below, the allegations in the Complaint plausibly establish that the amount in controversy at issue exceeds $75,000.

15. <u>Plaintiff's Alleged Damages</u>. Plaintiff alleges that Defendant's actions have caused significant harm, including but not limited to damages for invasion of

DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT

privacy, which when combined with potential statutory damages, punitive damages, and other forms of relief, reasonably exceed the $75,000 threshold.

16.    Claim for an Alleged Violation of CIPA. Plaintiff alleges that Defendant violated CIPA, entitling Plaintiff to statutory damages. Under California Penal Code § 637.2, statutory damages are set at the greater of $5,000 per violation or three times the amount of actual damages, which could significantly exceed the jurisdictional minimum when combined with other claims.

17.    The statutory damages for each alleged violation under CIPA alone could approach or exceed the $75,000 threshold depending on the number of violations claimed. Plaintiff claims that multiple violations occurred, leading to a substantial aggregate amount in controversy.

18.    Cost of Compliance with Injunction. The cost of compliance with the requested injunctive relief could further increase the amount in controversy, as the burden of implementing such relief may be significant for Defendant. Even without assigning a specific dollar value to these costs, their inclusion supports the argument that the jurisdictional threshold is met.

## VI.    DISCLOSURE STATEMENTS

19.    Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant's Corporate Disclosure Statement and Notice of Interested Parties is being filed concurrently with this Notice of Removal

## VII.    NOTICE

20.    As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and also filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

WHEREFORE, Defendant hereby removes this civil action to this Court on the bases identified above.

DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT

DATED:  August 28, 2024

By: ⁄s⁄ Thomas A. Runk
Thomas A. Runk (SBN101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Telephone:  562-708-3520

*Attorneys for Defendant*
*FKA Distributing Co.*

DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Oakland, State of Michigan, and am not a party to the above-entitled action.

On August 28, 2024, I served a true copy of DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT by personally delivering it to the person(s) indicated below in the manner as provided in Fed.R.Civ.P. 5(b); by either electronic mail to the electronic address stated below or by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Wendy Miele
Camrie Ventry
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017

wmiele@taulersmith.com

cventry@gaulersmith.com

Place of Mailing:  Royal Oak, Michigan.

Executed on August 27, 2024 at Royal Oak, Michigan.

Please check one of these boxes if service is made by mail:

☐    I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐    I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒    I hereby certify under the penalty of perjury that the foregoing is true and correct.

/s/ Sandra D. Davis
Sandra D. Davis

DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT