1 Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
2 BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
3 Los Angeles, CA 90071-2231
Telephone: (213) 622-3003
4
5 Mark A Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
6 BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
7 Royal Oak, MI 48067-3846
Telephone: 248-358-4400
8 Attorneys for Defendants

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13 **ANNE HEITING, an individual**          Case No. 2:24-cv-07314-HDV-AGR

14          Plaintiff,

15 v.                                        **DEFENDANT FKA DISTRIBUTING'S**
                                             **MEMORANDUM OF POINTS AND**
16 **FKA DISTRIBUTING CO., a**               **AUTHORITIES IN SUPPORT OF ITS**
   **California company, DOES 1**            **MOTION TO DISMISS PLAINTIFF'S**
17 **through 25, inclusive**                 **COMPLAINT WITH PREJUDICE**

18          Defendant.
                                             [Notice of Motion and Motion to
19                                           Dismiss filed concurrently]

20
                                             Judge: Hon. Hernan D. Vera
21                                           Date: October 31, 2024
                                             Time: 10:00 AM
22                                           Location: First Street Courthouse,
                                             350 W. 1st Street, Courtroom 5B,
23                                           5th Floor, Los Angeles, CA
                                             90012
24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ....................................................................................1

II.     FACTUAL BACKGROUND.....................................................................2

III.    LEGAL STANDARD ...............................................................................3

IV.     ARGUMENT ...........................................................................................4

        A.      PLAINTIFF FAILS TO STATE A CLAIM UNDER THE
                CALIFORNIA TRAP AND TRACE LAW ..........................................4

                1.      The TikTok Software Is Not a "Trap and Trace Device"
                        Under the Statute.......................................................... 4

                2.      Homedics, as a Party to the Communications, Cannot Be
                        Liable Under § 638.51 ................................................... 7

                3.      Plaintiff Consented to the Alleged Data Collection .................. 9

                4.      Plaintiff Fails to Allege Any Injury or Damages..................... 11

V.      CONCLUSION........................................................................................12

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1

# TABLE OF AUTHORITIES

2

## Cases

3

*Ashcroft v. Iqbal*,
4
    556 U.S. 662 (2009)............................................................................................3

5

*Bell Atlantic Corp. v. Twombly*,
6
    550 U.S. 544 (2007)............................................................................................3

7

*Byars v. Hot Topic, Inc.*,
8
    656 F. Supp. 3d 1051 (C.D. Cal. 2023)..............................................................9

9

*Cody v. Bosco's, Inc.*,
10
    658 F. Supp. 3d 779 (C.D. Cal. 2023)................................................................9

11

*Doe v. Meta Platforms, Inc.*,
12
    No. 22-cv-03580-WHO, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) .......12

13

*Garcia v. Build.com, Inc.*,
14
    No. 22-cv-01985-DMS-KSC,
    2023 WL 4535531 (S.D. Cal. July 13, 2023)....................................... 5, 6, 8
15

16

*Graham v. Noom, Inc.*,
17
    533 F. Supp. 3d 823 (N.D. Cal. 2021).................................................... 6, 7, 8

18

*In re Google Inc.*,
19
    No. 13-MD-02430-LHK,
    2013 WL 5423918 (N.D. Cal. Sept. 26, 2013)..................................... 5, 6, 11
20

21

*In re Zynga Privacy Litigation*,
    750 F.3d 1098 (9th Cir. 2014) ..........................................................................6
22

23

*Javier v. Assurance IQ, LLC*,
    649 F. Supp. 3d 891 (N.D. Cal. 2023)...............................................................7
24

25

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) ...........................................................................8
26

27

*Licea v. Cinmar, LLC*,
    659 F. Supp. 3d 1096 (C.D. Cal. 2023).............................................................9
28

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ...........................................................................3

*Reyes v. Educ. Credit Mgmt. Corp.*,
    773 Fed. App'x 989 n.1 (9th Cir. 2019) ...........................................................11

*Ribas v. Clark*,
    38 Cal. 3d 355 (1985) ..................................................................................8

*Rodriguez v. Fountain9, Inc.*,
    2024 WL 3886811, at 4 (Cal. Super. July 9, 2024) .........................................11

*Saleh v. Nike, Inc.*,
    562 F. Supp. 3d 503 (C.D. Cal. 2021) ............................................................5

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................3

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ................................................................................11

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ..........................................................6

**Statutes**

California Penal Code § 631(a) ........................................................................ 5, 8, 9

California Penal Code § 637.2 ...........................................................................1, 11

California Penal Code § 638.50(c) .............................................................. 1, 3, 4, 6, 7

California Penal Code § 638.51 ................................................... 1, 3, 4, 7, 8, 9, 10

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1   Defendant FKA Distributing Co. d/b/a Homedics respectfully submits this

2   Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff

3   Anne Heiting's Complaint.

4                          **I.      INTRODUCTION**

5   Plaintiff Anne Heiting ("Plaintiff") brings a single cause of action against

6   Defendant FKA Distributing Co. d/b/a Homedics ("Homedics" or "Defendant")

7   under California's Trap and Trace Law, California Penal Code § 638.51, alleging

8   that Homedics unlawfully installed and used TikTok's tracking software on its

9   website without obtaining a court order or Plaintiff's consent. Plaintiff's Complaint

10  is fundamentally flawed and fails to state a claim upon which relief can be granted

11  for several reasons.

12  First, the TikTok tracking software alleged in the Complaint does not

13  constitute a "trap and trace device" under California Penal Code § 638.50(c). The

14  statute defines a "trap and trace device" narrowly, focusing on devices or processes

15  that capture incoming impulses to identify the source of a communication, such as

16  telephone numbers of incoming calls. The software at issue collects standard web

17  analytics data, which is commonplace in modern websites and does not fit within the

18  statutory definition.

19  Second, Homedics, as the operator of its own website and a party to any

20  communications occurring thereon, cannot be liable under § 638.51. The Trap and

21  Trace Law is intended to prevent third parties from surreptitiously capturing

22  identifying information without authorization, not to prohibit website operators from

23  collecting data from interactions on their own websites.

24  Third, Plaintiff fails to allege that they suffered any injury or damages as a

25  result of the alleged conduct. California Penal Code § 637.2 requires that a Plaintiff

26  be "injured" by a violation to recover damages. Plaintiff's vague and conclusory

27  allegations do not meet this requirement.

28

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

Fourth, Plaintiff consented to the data collection practices by using Homedics' website, which provides notice of its data collection and privacy practices in its Privacy Policy. Consent is a complete defense to claims under California's Invasion of Privacy Act ("CIPA"), including the Trap and Trace Law.

For these reasons, and as further explained below, the Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

## II.  FACTUAL BACKGROUND

Homedics is a company that sells merchandise related to health and wellness through its website, https://www.homedics.com (the "Website"). (Compl. ¶¶ 1, 11.) Plaintiff alleges that as part of its marketing efforts, Homedics has integrated software provided by TikTok into its Website. (*Id*.) The TikTok software allegedly allows Homedics to "learn the location, source, and identity of consumers who happen to land on their website." (*Id*. ¶ 1.)

Plaintiff alleges that on March 4, 2024, they visited Homedics' Website. (*Id*. ¶ 2.) Plaintiff claims that, without their knowledge or consent, Homedics deployed a "de-anonymization process" using the TikTok software to identify her by collecting electronic impulses generated from her device. (*Id*.) Plaintiff alleges that the TikTok software acts via a process known as "fingerprinting," which "collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans." (*Id*. ¶ 12.)

Specifically, Plaintiff alleges that the TikTok software gathers device and browser information, geographic information, referral tracking, and URL tracking by running code or "scripts" on the Website to send user details to TikTok. (*Id*. ¶ 13.) Plaintiff further alleges that Homedics uses TikTok's "AutoAdvanced Matching" technology, which scans the Website for information such as name, date of birth, and address, and sends this information to TikTok. (*Id*. ¶ 14.)

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1   Plaintiff contends that the TikTok software is a "trap and trace device" as
2   defined by California Penal Code § 638.50(c) because it "captures the incoming
3   electronic or other impulses that identify the originating number or other dialing,
4   routing, addressing, or signaling information reasonably likely to identify the source
5   of a wire or electronic communication." (*Id.* ¶ 17.) Plaintiff alleges that Homedics
6   violated § 638.51 by installing and using the TikTok software without obtaining a
7   court order or her consent. (*Id.* ¶¶ 20, 28.)

8   Based on these allegations, Plaintiff asserts a single cause of action for
9   violation of the California Trap and Trace Law, California Penal Code § 638.51. (*Id.*
10  ¶¶ 23-30.)

### III.   LEGAL STANDARD

12  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the
13  claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
14  2001). To survive a motion to dismiss, a complaint must contain sufficient factual
15  matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell
16  Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its
17  face when the plaintiff pleads factual content that allows the court to draw the
18  reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft
19  v. Iqbal*, 556 U.S. 662, 678 (2009).

20  The Court is not required to accept as true "allegations that are merely
21  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell
22  v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Legal conclusions
23  couched as factual allegations are not sufficient to state a claim. *Iqbal*, 556 U.S. at
24  678.

25

26

27

28

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

## IV.    ARGUMENT

### A.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE CALIFORNIA TRAP AND TRACE LAW

Plaintiff's sole cause of action alleges that Homedics violated California Penal Code § 638.51 by installing and using a "trap and trace device" without obtaining a court order or her consent. (Compl. ¶¶ 23-30.) This claim fails for multiple independent reasons.

#### 1.    The TikTok Software Is Not a "Trap and Trace Device" Under the Statute

California Penal Code § 638.50(c) defines a "trap and trace device" as: "[A] device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."

The statute is intended to address devices or processes that capture incoming information to identify the source of communications, such as telephone numbers of incoming calls, without capturing the content of the communications. The legislative history indicates that the purpose of the statute is to prevent unauthorized surveillance using devices that monitor incoming communications to identify the source, particularly in the context of telephone communications. (*See* California Senate Bill No. 1667 (1988).)

The TikTok software alleged in the Complaint does not fit within this statutory definition. Plaintiff alleges that the software collects device and browser information, geographic information, referral tracking, and URL tracking. (Compl. ¶¶ 13-14.) These types of data are commonly collected by websites for analytics, advertising, and improving user experience. They do not constitute "incoming electronic or other impulses" that identify the "originating number or other dialing, routing, addressing, or signaling information" as contemplated by § 638.50(c).

4

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1    Courts have recognized that similar data collection practices do not involve
2    "trap and trace devices" under the statute. In *Garcia v. Build.com, Inc.*, No. 22-cv-
3    01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023), the court dismissed
4    a CIPA claim alleging that the defendant used session replay software to monitor
5    website visitors. The court concluded that the session replay software did not meet
6    the statutory definition of a "trap and trace device." Specifically, the court noted that
7    the software in question did not capture incoming impulses identifying the source of
8    a communication, as required by the statute. Instead, it merely allowed the defendant
9    to monitor its own communications with website visitors, which is not prohibited
10   under California Penal Code § 631(a) when the defendant is a party to the
11   communication. The court emphasized that a party to a conversation cannot
12   eavesdrop on its own conversation. *Id*. at *8-*12.

13   The court also distinguished *Garcia* from other cases where third-party
14   software vendors were found liable as independent eavesdroppers, noting that in
15   such cases, the third parties collected data for their own purposes. Here, the Plaintiff
16   fails to plausibly allege that the third-party vendors, such as TikTok, were acting as
17   independent eavesdroppers. Instead, the vendors were merely providing a tool for
18   the Homedics to monitor its own data, which does not constitute eavesdropping
19   under the statute.

20   Similarly, in *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918
21   (N.D. Cal. Sept. 26, 2013), the court dismissed claims under the federal Wiretap Act
22   and CIPA, finding that the alleged interception of email content for advertising
23   purposes did not involve devices designed to intercept communications in transit.
24   Analysis of CIPA violations is the same as the analysis for the federal Wiretap Act.
25   *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 517 (C.D. Cal. 2021).

26   In this case, the TikTok software's collection of device and browser
27   information involves information voluntarily transmitted by the user's browser when

28

visiting a website. This data is not captured by intercepting incoming communications but is provided by the user's own device as part of the standard operation of web browsing. The software does not "capture[] the incoming electronic or other impulses" in the manner required by § 638.50(c).

In *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021), the court dismissed allegations that are solely "predicated on non-content information." *See Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021) (dismissing claims as customer's keystrokes, mouse clicks, pages viewed, shipping and billing information, and internet protocol (IP) address does not constitute "content" under CIPA). These courts have explicitly held that allegations about "the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system of her device" are not "contents" for the purposes of CIPA. The term "contents" is not intended to include record information, such as the name, address, or subscriber information of a website user. *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014).

The court's reasoning in these cases applies equally to the TikTok software alleged to be used by Homedics. Just as in *Garcia* and *Graham*, the allegation is that the TikTok software collects non-content information, such as device and browser details, geographic data, and referral tracking. These data points do not constitute the interception of the *contents* of communications, as they are merely technical details transmitted by the user's device in the course of normal web browsing. The software is used by Homedics for its own analytics and marketing purposes, and there are no allegations that TikTok was acting as an independent eavesdropper collecting data for its own use.

Moreover, as in *In re Google Inc.*, the collection of such non-content information for advertising or analytics purposes does not transform these activities into wiretapping or the use of a "trap and trace device" under CIPA. The TikTok

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

software used by Homedics does not intercept incoming impulses or capture information that identifies the originating source of communications. Rather, it collects standard browser data that is voluntarily shared by the user's device when interacting with the Homedics Website. This distinction is crucial because § 638.50(c) of CIPA clearly targets devices designed to capture the source of a communication, which does not include typical website analytics tools like TikTok's software.

Thus, the Plaintiff's allegations fail to meet the statutory requirements of CIPA, as the TikTok software used by Homedics does not capture the type of information contemplated by the "trap and trace" provisions, nor does it involve the interception of the *contents* of any communication. Courts have consistently dismissed similar claims when plaintiffs fail to allege that content or identifiable source information has been captured in violation of CIPA, further supporting the dismissal of the claims in this case.

### 2. Homedics, as a Party to the Communications, Cannot Be Liable Under § 638.51

Even if the TikTok software could be considered a "trap and trace device" (which it cannot), Homedics cannot be liable under § 638.51 because it is a party to the communications occurring on its own Website.

California Penal Code § 638.51(a) provides "[e]xcept as provided in this section, a person may not install or use a pen register or trap and trace device without first obtaining a court order pursuant to Section 638.52."

The statute is intended to prevent unauthorized interception by third parties, not to prohibit parties to a communication from recording or collecting data about their own communications. However, "[s]oftware vendors . . . are 'extension[s]' of the websites that employ them, and thus not third parties within the meaning of the [CIPA]." *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 899 (N.D. Cal. 2023) (citing *Graham*, 533 F. Supp. 3d at 832). This principle is also well-established in

1  cases interpreting similar statutes, such as California Penal Code § 631(a), which is
2  part of the same statutory scheme as CIPA.

3       In *Ribas v. Clark*, 38 Cal. 3d 355 (1985), the California Supreme Court held
4  that § 631(a) prohibits third parties from eavesdropping on communications but does
5  not prohibit a party to a communication from recording it. *Id*. at 359. The court
6  explained that "section 631 was aimed at one aspect of the privacy problem . . . the
7  secret monitoring of conversations by third parties." *Id*.

8       Similarly, in *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002),
9  the Ninth Circuit held that a party to a communication cannot be liable under the
10 federal Wiretap Act for intercepting or recording that communication.

11      Applying this principle, courts have dismissed claims under CIPA where the
12 defendant was a party to the communication. In *Graham v. Noom, Inc.*, 533 F. Supp.
13 3d 823 (N.D. Cal. 2021), the court dismissed a § 631(a) claim against a website
14 operator who used third-party software to record user interactions on its website.
15 The court held that the website operator was a party to the communications and
16 therefore could not be liable under CIPA. *Id.* at 832.

17      In the present case, Homedics is the operator of the Website that Plaintiff
18 visited. Any data collected during Plaintiff's visit was part of the communication
19 between Plaintiff and Homedics. Homedics, as a party to that communication,
20 cannot be liable under § 638.51 for installing or using a device to record or collect
21 data from its own communications.

22      Moreover, the TikTok software is used by Homedics as a tool to analyze and
23 understand user interactions on its Website. Courts have recognized that the use of
24 third-party software services as tools to record or analyze a company's own data
25 does not give rise to liability under CIPA. *See Graham*, 533 F. Supp. 3d at 832;
26 *Garcia*, 2023 WL 4535531, at *5. "[The] [p]laintiff must provide facts suggesting
27 that [the software companies] are recording [the] [d]efendant's customers'

28

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

information for some use or potential future use beyond simply supplying this information back to [the] [d]efendant." *Cody v. Bosco's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023). "[Using] a third-party vendor to 'record and analyze its own data in aid of [Defendant]'s business,' not the 'aggregation of data for resale,' which makes the third-party an 'extension' of Defendant's website, not a 'third-party eavesdropper.'" *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1067 (C.D. Cal. 2023). There is no allegation that TikTok "acted sufficiently independent from Defendant as [required] to constitute an unannounced auditor under California law." *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109 (C.D. Cal. 2023)

Homedics cannot be held liable under § 638.51 for its own use of data collected from communications to which it is a party. Courts recognize that when a company uses third-party tools, like software, to collect data from communications between the company and its users, the third-party vendor is merely acting as an extension of the company itself, not as a third-party eavesdropper. Without a clear and plausible allegation that the third-party vendor independently intercepted, stored, or used the data for purposes other than to serve the company, the claim cannot succeed under the law. This established principle applies directly to Homedics, which, as a party to the communication, is merely collecting data from its interactions with users on its own Website. Thus, Homedics' use of third-party software for analyzing user interactions does not trigger liability under § 638.51 or any related provision of CIPA.

### 3.     Plaintiff Consented to the Alleged Data Collection

Plaintiff's claim also fails because they consented to the data collection practices by using Homedics' Website, which provides notice of its data collection and privacy practices in its Privacy Policy (attached hereto as *Exhibit A*).

Consent is a complete defense to claims under CIPA. California Penal Code § 631(a) prohibits interception "without the consent of all parties to the

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1   communication." Similarly, § 638.51 allows for the use of a trap and trace device

2   with the consent of the user.

3          As shown below Homedics' Website provides users with conspicuous notice

4   of its Privacy Policy.



8          Homedics informs users that the Website collects certain information about

9   visitors, including device information, browsing actions, and usage patterns, for

10  purposes such as analytics, advertising, and improving user experience. The Privacy

11  Policy explains that Homedics uses third-party services, such as TikTok, for these

12  purposes. *See* excerpts from *Exhibit A* below:

## Personal Information we Collect

FKA Brands may collect the following category of personal data:

- **Identifiers** (Name, Email Address, Phone Number, and Postal Address)
- **Online Identifiers** (Cookies and similar technology)
- **Commercial Information** (Products you have ordered or considered, payment information, as well as your purchasing history)

## With Whom your Personal Information is Shared

The personal data may be shared with other FKA Brands business units. They will protect your personal information in accordance with the FKA Brands Customer Privacy Policy. FKA Brands also works with other companies that help us provide products and services to you, and we may provide your personal information to these companies.

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1    Homedics also provides users with the "Right to Request Disclosure and
2    Deletion" and "Right to Request Opt-Out of Sale." *Id*. By accessing and using the
3    Homedics' Website, Plaintiff consented to the terms of the Privacy Policy. Courts
4    have held that a user's consent to a website's privacy policy bars claims under
5    statutes prohibiting unauthorized interception or use of communications. *See In re*
6    *Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 819 (N.D. Cal. 2020)
7    (dismissing CIPA claims where plaintiffs consented to data collection through
8    privacy policy). Further, "under California law, the plaintiff bringing a CIPA claim
9    has the burden to prove that the defendant lacked consent." *Reyes v. Educ. Credit*
10   *Mgmt. Corp.*, 773 Fed. App'x 989, 990 n.1 (9th Cir. 2019).

11   Plaintiff does not allege that they were unaware of the Privacy Policy or that
12   Homedics misrepresented its data collection practices. In fact, Plaintiff's allegations
13   suggest that they are aware that websites commonly collect such data. (Compl. ¶¶
14   11-14.) Therefore, Plaintiff's claim fails because they consented to the alleged data
15   collection practices.

16   **4.    Plaintiff Fails to Allege Any Injury or Damages**

17   California Penal Code § 637.2 provides a private right of action for violations
18   of CIPA, allowing a plaintiff who has been "injured by a violation" to recover
19   damages. Courts have interpreted this to require that a plaintiff allege actual injury
20   resulting from the alleged violation. In *Rodriguez v. Fountain9, Inc.*, 2024 WL
21   3886811, at 4 (Cal. Super. July 9, 2024), the court reaffirmed that a plaintiff cannot
22   satisfy CIPA's statutory standing requirement without alleging a "concrete injury-
23   in-fact." The court specifically held a CIPA claim where the plaintiff's injury was
24   purely hypothetical and based solely on statutory damages, emphasizing that the
25   mere collection of an IP address without further harm was insufficient. Citing
26   *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2199 (2021), the court stressed that
27   there was "no concrete harm, no standing," aligning CIPA claims with federal

28
Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

1   standing principles that reject claims based on bare statutory violations. This

2   standard negates any attempt to bring a CIPA claim grounded solely in the loss of

3   privacy or control over personal information without further demonstrable harm.

4       Plaintiff's Complaint is devoid of any allegations of actual injury or damages

5   resulting from Homedics' alleged conduct. Plaintiff does not allege that any of their

6   personal information was misused, or that they suffered any economic loss, or that

7   they were harmed in any way.

8       In *Doe v. Meta Platforms, Inc.*, No. 22-cv-03580-WHO, 2023 WL 5837443

9   (N.D. Cal. Sept. 7, 2023), the court dismissed privacy-related claims, due to the

10  plaintiffs' failure to allege a specific, cognizable injury. The court noted that the

11  mere loss of privacy or control over personal information, without more, was

12  insufficient to support those claims.

13      Therefore, Plaintiff's failure to allege any injury or damages is an additional

14  ground for dismissal. Even if Plaintiff could demonstrate a technical violation of

15  CIPA, the absence of concrete harm deprives them of the requisite standing to pursue

16  this claim. Courts have held that speculative or hypothetical injuries, such as the

17  mere collection of an IP address without further actionable harm, are insufficient to

18  sustain privacy claims under both state and federal standards. In the absence of any

19  tangible harm, Plaintiff's claim amounts to no more than an abstract grievance,

20  which is precisely the type of action that CIPA and federal standing doctrine seek to

21  preclude. Without concrete injury, Plaintiff's claim fails as a matter of law and

22  cannot survive dismissal.

### V.   CONCLUSION

23

24      For the foregoing reasons, Homedics respectfully requests that the Court grant

25  this Motion and dismiss Plaintiff's Complaint in its entirety with prejudice. Plaintiff

26  has failed to state a claim upon which relief can be granted, and any amendment

27  would be futile.

28

Memorandum Of Points And Authorities To.
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR

DATED:  October 15, 2024

By: */s/ Mark A. Cantor*

Mark A. Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI  48067-3846
Telephone: (248) 358-4400

Thomas A. Runk (SBN101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone:  (213) 622-3003

*Attorneys for Defendant*
*FKA Distributing Co.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant FKA Distributing Co., certifies that this brief contains 3,458 words, which complies with the word limit of L.R. 11-6.1

By: */s/ Mark A. Cantor*
Mark A. Cantor (*Pro Hac Vice*)

Memorandum Of Points And Authorities To
Motion To Dismiss Plaintiff's Complaint With Prejudice
Case No. 2:2-cv-07314-HDV-AGR