Robert Tauler, Esq. (SBN 241964)
robert@taulersmith.com
Matthew J. Smith, Esq. (SBN 240353)
matthew@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Anne Heiting*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANNE HEITING, individually and on behalf of all others similarly situated;

Plaintiff,

v.

FKA DISTRIBUTING CO., a California company; DOES 1 through 25, inclusive

Defendant.

Case No. 2:24-cv-07314-HDV-AGR

**PLAINTIFF ANNE HEITING'S OPPOSITION TO DEFENDANT FKA DISTRIBUTING'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

<u>Hearing</u>
Date: January 16, 2025
Time: 10:00am
Courtroom: 5B
Hon. Hernan D. Vera

# I. LEGAL STANDARD

## A. Standard for 12(b)(6) Motion to Dismiss.

As the Ninth Circuit has observed, "The [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The Court "must accept" all facts alleged by Plaintiff "as true." *Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016).

## B. The California Trap and Trace Law.

The California Trap and Trace Law is Part of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code, Part 1, Title 15, Chapter 1.5 Invasion of Privacy, including §§ 630 – 638.55. The trap and trace law as relevant to this case is comprised of two sections: 638.50 & 638.51.

Penal Code § 638.50 (c) defines a "[t]rap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."

Penal Code § 638.51 provides, in pertinent part, as follows:

> (a) Except as provided in subdivision (b), a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53.
>
> (b) A provider of electronic or wire communication service may use a pen register or a trap and trace device for any of the following purposes:
>
> (1) To operate, maintain, and test a wire or electronic communication service.
>
> * * *
>
> (5) If the consent of the user of that service has been obtained.

# II. ARGUMENT

## A. The TikTok Software is a Trap and Trace Device.

Courts are in agreement that the TikTok Software as it exists on websites like Homedics fits the definition of a trap and trace device as that term is defined in the trap and trace law. *Moody v. C2 Educational Systems Inc.*, 2024 WL 3561367 (C.D. Cal. July 25, 2024); ("Plaintiff's allegations that the TikTok Software is embedded in the Website and collects information from visitors plausibly fall within the scope of §§ 638.50 and 638.51."); *Jurdi v. MSC Cruises (USA) LLC,* 24STCV14098 at 3. (Cal. Super. Ct. L.A. Cty. Sept. 17, 2024)("[T]he facts alleged sufficiently describe a pen register or trap and trace device as defined by statute.")(RJN Ex. 1); *Price v. Entravision Communications Corp.*, 24SMCV02630 Nov. 21, 2024(RJN Ex. 2).

Defendant argues that the trap and trace law applies only to telephones, but this argument has been universally rejected. *Shah v. Fandom, Inc.* 2024 WL 4539577 at *5 (N.D. Cal. Oct. 21, 2024) ("Nothing in the statutory definition limits pen registers to those that operate the same way as a traditional phone pen register."); *Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709 at *3 (N.D. Cal. 2024 Dec. 12, 2024)("[A]s the *Shah* court held, a process includes software 'that identifies consumers, gathers data, and correlates that data.'").

Nonetheless, even though the trap and trace statute was enacted in 2017 and explicitly references "electronic or other impulses," Defendant states that in fact the trap and trace law only applies to telephones, citing a "Senate Bill" of a <u>different law</u> from 2006 (related to the Welfare and Institutions Code)(Motion, at 4:15-21, citing "Exhibit B"). This obviously has nothing to do with the trap and trace law, which was passed by the California legislature in 2016, and enacted in 2017.

Finally, Defendant posits that the TikTok Software is not a trap and trace device since it does not transmit the "contents" of a communication. (Motion, pgs. 5-6). In support, the Motion cites a string of cases dealing with a different section of the Penal Code, Section 631(a), which relates to wiretapping (not trap and trace devices) and requires that contents of a communication be transmitted.

None of these cases refer to the trap and trace law, which expressly excludes contents of communications from its definition. (See § 638.51 "…to identify the source of a wire or electronic communication, <u>but not the contents of a communication</u>.)(emphasis added). Therefore, none of these cases have any discernible application to this case. A trap and trace device is adequately pled.

**B. <u>The "Third Party Exception" Applies to Wiretapping Claims Under §631(a) and Does not Apply to Trap and Trace Claims.</u>**

Defendant cites the "third party exception" as a defense to Plaintiff claim that they have installed TikTok Software of their Website. However, the third party exception only applies to eavesdropping/wiretapping claims under § 631(a). There can be no third party exception given the language of the statute at issue.

In relevant part, CIPA, Penal Code § 638.51(a), prohibits any "person" from "install[ing] or us[ing] a pen register or trap and trace device without first obtaining a court order," or obtaining the consent of the user. Cal. Penal Code §§ 638.51(a), (b)(5).

In other words, Cal. Penal Code 638.51 makes actionable "installation or use" of a trap and trace device. This is what is alleged in this case.

**C. <u>Plaintiff Alleges She Did Not Consent.</u>**

Plaintiff asserts that she did not consent to Defendant's conduct on numerous occasions in the FAC. (FAC, ¶¶ 7, 17, 19). Defendant argues that Plaintiff did consent. As a threshold matter, this is a question of fact that cannot be resolved on a motion to dismiss. *Shah v. Fandom, Inc.* 2024 WL 4539577 at *5 (N.D. Cal. Oct. 21, 2024)(Defendant "bears the burden to establish consent and, on

a motion to dismiss, would be required to show that the allegations of the complaint established consent as a matter of law.").

Moreover, the Motion only supports its consent argument with handful of unauthenticated screenshots inserted into the brief itself. The first screenshot, presumably from Homedics website, refers to Defendant's use of "Microsoft Clarity" for various purposes and including a link to a "privacy policy." (Motion, at 10). The Motion then cuts and pastes selected portions of its "privacy policy" (which make no mention of TikTok) to demonstrate that Plaintiff consented to this policy by virtue of her simply "accessing and using" the website (Motion, 11:1-16).

Even if the Court were to consider Defendant's unauthenticated screenshots as evidence, it would still not suffice as grounds to establish "consent" at this stage of the proceedings, since they do not establish in any manner that Plaintiff consented to the sharing of her identity with TikTok for purposes of de-anonymization, matching, and targeting.

**D. <u>Plaintiff Has Alleged Injury and Damages.</u>**

With respect to injury and damages, the Court in *Moody v. C2 Educational Systems Inc., supra*, found "no credible dispute that Plaintiff has alleged an injury necessary for both § 637.2 and standing." In *Moody*, as here, "Plaintiff alleges: (1) Defendant operates its TikTok Software on its Website; (2) the TikTok Software collects data from every visitor of the Website; and (3) Plaintiff allegedly visited the (2) the Website[]." *Id.* at 5-6. The Court found that there "allegations demonstrate that Defendant, through the use of the TikTok Software, collected Plaintiff's information, thereby constituting an invasion of privacy. And invasions of privacy are actionable injuries." *Id at 6.* citing *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 598 (9th Cir. 2020). Thus, Defendant's argument here, as in *Moody*, fails.

Other cases dealing with invasive tracking technologies such as the TikTok Software have similarly found injury and standing. Recently, in *Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709 at *5 (N.D. Cal. Dec. 12, 2024) the district court found "Plaintiffs have plausibly alleged that they were injured by being tracked across multiple visits for marketing and advertising purposes, and that they did not expect or agree to such tracking." Similarly, in *Shah v. Fandom, Inc.*, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) the district court found that "plaintiffs have plausibly alleged that they were injured by being tracked across multiple visits for marketing and advertising purposes, and that they did not expect or agree to such tracking." Id. at *5.

Here, Plaintiff alleges injury by alleging that Homedics installed the TikTok Software on its website to "send [her] details to TikTok," [] "to add to their collection of user behavior" (FAC ¶¶10,13). Plaintiff also alleges she was subjected to digital fingerprinting, de-anonimization, and tracking by TikTok without her consent. (FAC ¶¶ 10,17) Finally, Defendant is the cause of Plaintiff's injury since it installed the TikTok Software on its Website for the purpose of identification. (FAC ¶ 8)

**E. <u>Neither *Moody* nor *Greenley*[1] was Decided "Incorrectly."</u>**

Defendant argues that Judge Klausner's decision in *Moody*, *supra*, was "critically flawed" for various reasons.

First, Defendant argues that *Moody* "undermines the California Consumer Privacy Act" (the "CCPA") (Motion, 13:16-23). In fact, the CCPA states in no ambiguous terms that any "law relating to consumers' personal information should be construed to harmonize with the provisions of this title." Cal. Civ. Code § 1798.175. The same section also states that "in the event of a conflict between

[1] This section also cites Plaintiff's reliance on *Greenley*, which will not be discussed in detail in this opposition brief because *Greenley* dealt with clandestine installation of tracking software on a cellular phone (a pen register), not a website, as here.

other laws and the provisions of this title, the provisions of the law that afford the greatest protection for the right of privacy for consumers shall control." Unsurprisingly, courts have found that "CCPA and CIPA are complementary." *Mirmalek*, *supra*, at *5.

Second, Defendant also appears to advance a policy argument that since the TikTok Software on its Website is "commonplace" that it should therefore be lawful. (Motion at 1:17). Whether wrongdoing is "commonplace" is not a defense to a violation of the penal code. Such reasoning would set an absurd precedent – that if enough people committed wrongdoing there would be no consequences for it because "everybody is doing it."

In this regard, Homedics characterization of its use of TikTok Software as a benign "common technology" flies in the face of current events including reports from the Department of Defense that TikTok is a "a platform for surveillance" used for "information operations…to ensure the PRC's desired end state,"[2] as well as Congress' recent ban of TikTok based on national security concerns.[3]

The Court should allow the case to proceed and deny Defendant's motion to dismiss in its entirety.

## III. CONCLUSION

For the reasons discussed, the Court should deny Defendant's Motion to Dismiss in its entirety. To the extent, however, that the Court finds certain pleadings deficient, the Plaintiff respectfully requests leave to amend.

---

[2] https://www.defense.gov/News/News-Stories/Article/Article/3354874/leaders-say-tiktok-is-potential-cybersecurity-risk-to-us/

[3] https://www.nytimes.com/article/tiktok-ban.html

DATED: December 26, 2024

TAULER SMITH LLP

By: */s/ Robert Tauler*

Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Anne Heiting*

## CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record via the Court's CM/ECF system.

DATED: December 26, 2024

TAULER SMITH LLP

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Anne Heiting*