Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

Mark A Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: 248-358-4400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANNE HEITING, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**FKA DISTRIBUTING CO., a California company, DOES 1 through 25, inclusive**<br><br>Defendant. | Case No. 2:24-cv-07314-HDV-AGR<br><br>**DEFENDANT FKA DISTRIBUTING CO.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: January 16, 2025<br>Time: 10:00am Courtroom: 5B Hon. Hernan D. Vera |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.   ARGUMENT ..............................................................................................2

    A.    Plaintiff Misinterprets the California Trap and Trace Law...................2

    B.    Plaintiff's Allegations of Lack of Consent Are Unsupported...............3

    C.    Plaintiff Fails to Establish a Concrete Injury .......................................3

    D.    Plaintiff's Policy Arguments Are Unavailing......................................4

    E.    State Court Demurrer Cases Are Inapplicable.....................................5

    F.    Plaintiff's Class Allegations Are Improper..........................................7

III.  CONCLUSION..........................................................................................9

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007).....7

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004).....8

*Hacker v. Homeward Residential, Inc.,*
26 Cal. App. 5th 270 (2018).....6

*Heiting v. athenahealth, Inc.*,
2024 WL 3761294 (C.D. Cal. July 29, 2024).....1

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023).....1

*Holly v. Alta Newport Hosp., Inc.*,
No. 2:19-cv-07496-ODW (MRWx),
2020 U.S. Dist. LEXIS 195652 (C.D. Cal. Oct. 21, 2020).....7

*Jurdi v. MSC Cruises (USA) LLC.*,
No. 24STCV14098 (Cal. Sup., County of Los Angeles).....5

*Moody v. C2 Educational Systems Inc.,*
2024 WL 3561367 (C.D. Cal. July 25, 2024).....2, 4

*Morris v. JPMorgan Chase Bank, N.A.*,
78 Cal. App. 5th 279 (2022).....6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022.....7

*Price v. Entravision Communications*,
No. 24SMCV02630 (Cal. Sup., County of Los Angeles).....5

*Shah v. Fandom, Inc.*,
    2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ................................................. 3

*Smith v. Facebook, Inc.*,
    745 F. App'x 8 (9th Cir. 2018) ..................................................................... 3

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ....................................................................................... 4

*Thomas v. Regents of Univ. of Cal.*,
    97 Cal. App. 5th 587 (2023) ......................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ....................................................................................... 9

## I.  INTRODUCTION

Plaintiff's Opposition to Defendant's Motion to Dismiss fails to remedy the legal and factual deficiencies in their Amended Complaint. This Plaintiff is a serial litigant who appears to misunderstand California Invasion of Privacy Act ("CIPA") and has therefore seen similar claims dismissed in the pleading stage. For example, in *Heiting v. athenahealth, Inc.*, 2024 WL 3761294 (C.D. Cal. July 29, 2024), the court dismissed Plaintiff's claims under CIPA finding that the alleged interception of chat communications using third-party software did not meet the statutory definition of a violation under § 631(a). Similarly, in *Heiting v. Taro Pharmaceuticals USA, Inc.*, 709 F. Supp. 3d 1007 (C.D. Cal. 2023), the court dismissed Plaintiff's claims, holding that the alleged collection and storage of chat data fell within the statutory party exception and lacked sufficient factual allegations to support a plausible claim of unauthorized interception.

Having no proper basis to maintain its claim, Plaintiff instead resorts to mischaracterizing the California Trap and Trace Law and improperly applying it. But when the statute and case law are properly interpreted, Plaintiff's claim does not withstand scrutiny under Rule 12(b)(6). Defendant's Motion to Dismiss should therefore be granted.

## II.   ARGUMENT

### A.   Plaintiff Misinterprets the California Trap and Trace Law

Plaintiff's Opposition fundamentally misconstrues the California Trap and Trace Law. Plaintiff contends that the TikTok software embedded in Defendant's website qualifies as a "trap and trace device" under Penal Code § 638.50(c), alleging it "captures the incoming electronic or other impulses" and "identifies the source of electronic communication." However, the statutory definition is limited to devices capturing routing, addressing, or signaling information, not general data analytics or tracking software. Plaintiff's argument conflates this narrow statutory definition with broader privacy concerns, which are outside the scope of the law.

Plaintiff's reliance on cases like *Moody v. C2 Educational Systems Inc.*, 2024 WL 3561367 (C.D. Cal. July 25, 2024), is similarly misplaced. Unlike *Moody*, Plaintiff here fails to allege facts showing that the TikTok software specifically captures routing or signaling information. Plaintiff's claim that the software fits "within the scope of §§ 638.50 and 638.51" is unsupported by any factual allegations establishing that the software functions as a "trap and trace device" as defined by the statute.

Additionally, Plaintiff's attempt to invoke legislative history from unrelated contexts further undermines their argument. For example, Plaintiff references a "Senate Bill" from 2006 unrelated to the statute at issue, a fact that even she acknowledges in their Opposition.

B. **Plaintiff's Allegations of Lack of Consent Are Unsupported**

Plaintiff's assertion that she did not consent to Defendant's data collection practices is conclusory and contradicted by the facts. Plaintiff's Opposition argues that consent is a question of fact that cannot be resolved on a motion to dismiss, citing *Shah v. Fandom, Inc.*, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024). However, consent is not always a factual question. Where a plaintiff's allegations affirmatively demonstrate consent, courts routinely dismiss claims at the pleading stage. See *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) (finding consent based on acknowledgment of terms of service). Further, as Plaintiff acknowledges Defendant includes the location of and excerpts to its privacy policy. (Opposition to Motion, 4:3-10). This establishes Plaintiff's consent.

Defendant's website prominently displays its Privacy Policy, which explicitly discloses data collection practices, including the use of third-party software. Plaintiff's claim that "she did not consent" is unsupported by their own access to and use of the website. Moreover, Plaintiff's argument that the Privacy Policy does not specifically mention TikTok software does not negate their consent to general data collection practices outlined in the policy.

C. **Plaintiff Fails to Establish a Concrete Injury**

Plaintiff's allegations of harm are speculative and insufficient to establish standing. In their Opposition, Plaintiff asserts that she suffered an "invasion of privacy" and was subjected to "digital fingerprinting, de-anonymization, and

3

DEFENDANT'S REPLY TO ITS
MOTION TO DISMISS
Case No. 2:24-cv-07314-HDV-AGR

tracking by TikTok." However, these allegations are generalized and lack any concrete or particularized harm. Courts require more than speculative harm to establish standing under privacy statutes. See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

Additionally, Plaintiff's Opposition fails to establish a causal link between Defendant's conduct and their alleged injury. Plaintiff's claim that Defendant installed the TikTok Software on its website for the purpose of identification is unsupported by specific factual allegations. The bare assertion that Plaintiff allegedly visited the Website is insufficient to establish harm under statutory or constitutional standards.

### D.   Plaintiff's Policy Arguments Are Unavailing

Plaintiff's reliance on *Moody v. C2 Educational Systems Inc.*, 2024 WL 3561367 (C.D. Cal. July 25, 2024), also raises significant policy concerns that undermine their interpretation of the law. Under Plaintiff's expansive reading, even commonplace technologies like caller ID could be deemed unlawful under the California Trap and Trace Law. Such an interpretation, as Defendant previously noted in its Motion to Dismiss, would lead to absurd results, effectively criminalizing widely accepted practices that are neither invasive nor intended for improper purposes. Plaintiff's Opposition utterly fails to address this critical flaw, leaving Defendant's argument unchallenged. Furthermore, Plaintiff's position contradicts the legislative intent behind the statute, which aims to target malicious

or unauthorized surveillance practices—not benign or ubiquitous technologies used in everyday business operations.

Plaintiff's Opposition relies heavily on policy arguments, asserting that "commonplace" use of tracking software should not render it lawful. This reasoning misapprehends Defendant's argument. Defendant does argue the case should be dismissed because the technology is commonplace. Rather, Defendant's position is that the claim should be dismissed because it simply does not fall within the plain language of CIPA. Plaintiff's policy arguments and reference to government reports labeling TikTok as a "platform for surveillance" are irrelevant to the legal issues in this case. Indeed, these references completely fail to connect Defendant's conduct to any statutory violation and thus do not overcome Plaintiff's lack of specific factual allegations.

E.      **State Court Demurrer Cases Are Inapplicable**

Plaintiff's reliance on decisions such as *Jurdi v. MSC Cruises (USA) LLC.*, No. 24STCV14098 (Cal. Sup., County of Los Angeles), dated September 17, 2024. and *Price v. Entravision Communications*, No. 24SMCV02630 (Cal. Sup., County of Los Angeles), dated November 21, 2024. is misplaced. These cases involved rulings on demurrers under California state law, which apply different procedural and substantive standards than those governing federal Rule 12(b)(6) motions.

For example, Plaintiff cites the *Jurdi* case to argue that a trap and trace device includes software like TikTok's, but the court in *Jurdi* explicitly noted that such

5

claims merely need to allege ultimate facts to survive a demurrer. State court decisions on demurrers, such as those cited by Plaintiff, involve unique procedural rules under California law that allow for survival of claims based on "ultimate facts" without detailed evidentiary support. Federal Rule 12(b)(6), however, mandates a stricter standard, requiring claims to be "plausible on their face" and supported by well-pleaded factual allegations. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This heightened standard renders the state court demurrer rulings irrelevant to the present analysis.

Even in an area where substantive principles are transferable from federal authorities to state cases, as *Morris v. JPMorgan Chase Bank, N.A.*, 78 Cal. App. 5th 279, 304–305, fn. 14 (2022), cautioned, "[i]t should not be assumed that the standards governing motions to dismiss in federal court and demurrers in state court are the same" and "trial courts should be cognizant that federal district judges have more latitude to dismiss claims at the pleading stage . . . than California trial judges have under our traditional notice pleading standards." *Id.* For example, when California trial courts consider a demurrer, "'the facts alleged in the pleading are deemed to be true, however improbable they may be'" *Hacker v. Homeward Residential, Inc.*, 26 Cal. App. 5th 270, 280 (2018), while in federal court, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

6

DEFENDANT'S REPLY TO ITS
MOTION TO DISMISS
Case No. 2:24-cv-07314-HDV-AGR

544 (2007). Thus, the heightened plausibility standard under federal Rule 12(b)(6) renders the state court demurrer rulings irrelevant to the present analysis. See *Thomas v. Regents of Univ. of Cal.*, 97 Cal. App. 5th 587, 618 n.12 (2023).

### F.     Plaintiff's Class Allegations Are Improper

Plaintiff's class allegations are not appropriately pled and fail to meet the requirements under Federal Rule of Civil Procedure 23. Plaintiff purports to represent a class comprising "[a]ll persons within California who within the statute of limitations period whose chats were transcribed by third parties" or "whose identifying information was sent to TikTok." However, these class definitions are facially overbroad, fail to identify an ascertainable class, and rest on speculative claims that are unsupported by specific factual allegations. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022 (explaining a class may be fatally overbroad when it includes "a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct").

Plaintiff alleges numerosity but offers no evidence beyond conclusory statements that the class size is "well into the thousands." Without further factual support, such a claim is insufficient to establish numerosity. "Class allegations must be supported by sufficient factual allegations demonstrating that the class device is appropriate." *Holly v. Alta Newport Hosp., Inc.*, No. 2:19-cv-07496-ODW (MRWx), 2020 U.S. Dist. LEXIS 195652, at *15 (C.D. Cal. Oct. 21, 2020). Moreover,

Plaintiff's asserted commonality is undermined by the highly individualized nature of the claims, including whether class members interacted with Defendant's website, whether their data was allegedly collected, and whether consent was given.

The alleged typicality and adequacy of Plaintiff's claims are also flawed. Plaintiff's claims center on their unique experiences with Defendant's website, which may not be representative of other putative class members. "Adequacy, for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff[s] to vigorously prosecute the action." *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004). Plaintiff's adequacy as a class representative is called into question by the speculative nature of their claims, the lack of evidence substantiating their allegations, and their history as a serial filing plaintiff.[1] This pattern of frequent, speculative filings suggests a lack of

---

[1] *See, e.g.*, *Heiting v. Kantata, Inc.*, No. 23STCV15827 (Los Angeles Sup. Ct. July 6, 2023); *Heiting v. Brilliant Earth, LLC*, No. 23STCV15840 (Los Angeles Sup. Ct. July 6, 2023); *Heiting v. Bose Corp.*, No. 23STCV15897 (Los Angeles Sup. Ct. July 7, 2023); *Heiting v. Sleep Number Corp.*, No. STCV15963 (Los Angeles Sup. Ct. July 10, 2023); *Heiting v. Char-Broil, LLC*, No. 23STCV15960 (Los Angeles Sup. Ct. July 10, 2023); *Heiting v. Lulu's Fashion Lounge, LLC*, No. 23CV01867 (Butte Sup. Ct. July 13, 2023); *Heiting v. Printful, Inc.*, No. 23STCV16685 (Los Angeles Sup. Ct. July 17, 2023); *Heiting v. Vitamin Shoppe Industries, LLC*, No. 23STCV16758 (Los Angeles Sup. Ct. July 18, 2023); *Heiting v. Aviator Nation, Inc.*, No. 23STCV17652 (Los Angeles Sup. Ct. July 27, 2023); *Heiting v. Uline, Inc.*, No. 23STCV18117 (Los Angeles Sup. Ct. Aug. 1, 2023) (removed to C.D. Cal, No. 2:23-cv-07288); *Heiting v. The Children's Place, Inc.*, No. CIV-SB-2317853 (San Bernardino Sup. Ct. Aug. 3, 2023); *Heiting v. Shipt, Inc.*, No. 23STCV19701 (Los Angeles Sup. Ct. Aug. 17, 2023); *Heiting v. Iron Mountain, Inc.*, No. 23STCV19708 (Los Angeles Sup. Ct. Aug. 17, 2023); *Heiting v. Taro Pharmaceuticals USA*, No. 23STCV19790 (Los Angeles Sup. Ct. Aug. 18, 2023) (removed to C.D. Cal., No. 2:23-cv-08002); *Heiting v. Bokksu, Inc.*, No.

genuine commitment to the vigorous prosecution of this specific action, further undermining their ability to represent the class effectively.

Finally, Plaintiff fails to demonstrate that a class action is the superior method for adjudicating these claims. The speculative and individualized nature of the allegations makes class-wide resolution impractical and inefficient. Courts routinely reject class allegations that fail to satisfy these basic requirements. See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).

In their reply, Plaintiff fails to substantively address these deficiencies and does not meaningfully engage with the conclusory nature of their class allegations. This omission underscores the inadequacy of their claims.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Opposition fails to address the fundamental deficiencies in her Amended Complaint. Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety and so with

---

23STCV19987 (Los Angeles Sup. Ct. Aug. 21, 2023); *Heiting v. Arzz Int'l, Inc.*, No. 23STCV21816 (Los Angeles Sup. Ct. Sept. 11, 2023); *Heiting v. Valvoline, Inc.*, No. 23STCV22583 (Los Angeles Sup. Ct. September 19, 2023); *Heiting v. The Adventure Challenge, LLC*, No. 23STCV23279 (Los Angeles Sup. Ct. Sept. 26, 2023); *Heiting v. United Telecom LLC*, No. 23STCV09953 (Los Angeles Sup. Ct. May 5, 2023); *Heiting v. HarperCollins Publishers LLC*, No. 23STCV10382 (Los Angeles Sup. Ct. May 9, 2023); *Heiting v. Arlo Technologies, Inc.*, No. 23STCV13511 (Los Angeles Sup. Ct. June 12, 2023); *Heiting v. SafetyCulture, Inc.*, No. 23STCV13598 (Los Angeles Sup. Ct. June 13, 2023). The Court is permitted to take judicial notice of these filings for purpose of this Motion. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d1101, 1113 (C.D. Cal. 2003) (approving judicial notice of filings in federal and state courts).

prejudice. To the extent the Court finds certain pleadings deficient, Defendant requests dismissal without leave to amend, as further amendments would be futile.

DATED: January 2, 2025

By: /s/ Mark A. Cantor
Thomas A. Runk (SBN101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

Mark A. Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400

*Attorneys for Defendants*