UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE HEITING, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FKA DISTRIBUTING CO., DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-07314-HDV-AGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]** |

1

## I. INTRODUCTION

This case arises out of FKA Distributing Co.'s ("Defendant") use of TikTok software, which collects information about website visitors and matches it with TikTok's existing data to identify the visitor. First Amended Complaint ("FAC") ¶¶ 5, 8–9 [Dkt. No. 19]. Plaintiff Anne Heiting brings this putative class action on behalf of all persons in California whose identifying information was sent to TikTok through the use of Defendant's website. *Id.* ¶¶ 20, 23. Plaintiff alleges a single cause of action for violation of California Penal Code section 638.51, commonly known as California's "Trap and Trace" Law. *Id.* ¶¶ 26–30.

Defendant moves to dismiss on four independent grounds, specifically contending that: (1) Plaintiff lacks standing; (2) the TikTok software does not constitute a "trap and trace device" within the meaning of section 638.50(c); (3) Defendant was a party to all communications on its website, and therefore not liable; and (4) Plaintiff consented to Defendant's data collection practices. Defendant FKA Distributing Co.'s Motion to Dismiss ("Motion") 1–2 [Dkt. No. 21]. For the reasons detailed below, the Court concludes that Plaintiff has failed to allege facts sufficient to establish standing, and therefore dismisses the FAC with leave to amend.

## II. BACKGROUND

Plaintiff Anne Heiting alleges that she visited Defendant's website, Homedics.com, which sells products related to health and wellness.[1] FAC ¶¶ 8, 23. Defendant runs TikTok-created software, which instantly gathers visitors' device and browser information, geographic location, and other details, and sends them to TikTok. *Id.* ¶¶ 8, 10, 12. By matching information from Defendant against its existing data, TikTok is able to identify individual users. *Id.* ¶¶ 9–13.

Plaintiff initiated this action in Los Angeles Superior Court on July 30, 2024, alleging violations of California Penal Code section 638.51. Complaint ¶¶ 23–30 [Dkt. No. 1-1]. Defendant removed to federal court, asserting diversity jurisdiction, on August 28, 2024. [Dkt. No. 1]. Plaintiff filed an amended complaint on October 24, 2024. Defendant moved to dismiss Plaintiff's

---

[1] The Court accepts all of Plaintiff's plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

FAC under Federal Rule of Civil Procedure 12(b)(6) on November 7, 2024. The Court heard oral argument on January 16, 2025, and took the matter under submission.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, allegations of material fact should be construed in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

Standing is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy' . . . ." *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "On a motion to dismiss for lack of standing, a district court must accept as true all material allegations in the complaint, and must construe the complaint in the nonmovant's favor." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010).

### B. California Invasion of Privacy Act (CIPA)

The California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*, imposes civil and criminal penalties for electronic interception, recording, and eavesdropping on private communications. Section 638.51 prohibits the installation or use of a pen register or a "trap and trace" device without first obtaining a court order. Cal. Penal Code § 638.51; *id.* §§ 638.52–53 (providing the process to obtain authorization to use a pen register or trap and trace device).[2] Section 637.2 provides a private right of action for violations of CIPA, allowing a plaintiff who has been "injured by a violation" to recover statutory damages. *Id.* § 637.2(a).

## IV. DISCUSSION

Defendant argues that Plaintiff's trap and trace claim fails for four independent reasons. But because standing is a prerequisite to this Court's subject matter jurisdiction, the Court addresses it first and finds that Plaintiff has not alleged facts sufficient to establish standing. The Court nonetheless considers Defendant's remaining arguments to determine if Plaintiff's complaint can be cured by amendment and finds that it can.

### A. Standing

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff establishes an injury in fact when she shows that she suffered "an invasion of a legally protected interest" that is "concrete and particularized." *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560) ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"). At the pleading stage, the plaintiff bears the burden of "'clearly . . . alleg[ing] facts demonstrating' each element." *Id.* at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

---

[2] A pen register is "a device or process that *records or decodes* dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." *Id.* § 638.50(b) (emphasis added). A trap and trace device is a "device or process that *captures* the incoming electronic or other impulses that identify . . . information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." *Id.* § 638.50(c) (emphasis added).

4

Bare statutory violations are insufficient to establish injury in fact, but lawmakers may "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate" to confer standing. *Lujan*, 504 U.S. at 578. By enacting CIPA, the California legislature "codif[ied] a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020); *see also* Cal. Penal Code § 637.2(a) (providing a private right of action for individuals "who [have] been injured" by a CIPA violation). But the codification of this right "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm . . . ." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021); *id.* at 427 ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."); *Spokeo*, 578 U.S. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation."). To establish standing for a violation of section 638.51, Plaintiff must allege a concrete and particularized injury. *See Rodriguez v. Fountain9, Inc.*, No. 24-ST-CV-04504, 2024 WL 3886811, at *4 (Cal. Super. July 9, 2024).

Here, Plaintiff alleges only that she is "a person who visited Defendant's Website . . . ." FAC ¶ 23. She fails to allege any basic facts from which the Court could infer a concrete injury, like when and how many times she visited the site, what information she provided, what information Defendant captured, whether she was aware of Defendant's tracking practices, or if she has any reason to believe that she was indeed de-anonymized. *See Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *4–5 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) (finding that the plaintiff lacked standing for her section 638.51 claim where she "does not clearly allege what personalized information of hers was actually collected" or that she has a TikTok account through which she could be "fingerprint[ed]"). *Cf. Shah v. Fandom, Inc.*, No. 24-CV-01062-RFL, 2024 WL 4539577, at *5 (N.D. Cal. Oct. 21, 2024) (finding standing where the plaintiffs alleged they were "tracked across multiple visits for marketing and advertising purposes, and that they did not expect or agree to such tracking"); *Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 24-CV-01797-CRB, 2024 WL 5102709, at *4

(N.D. Cal. Dec. 12, 2024) (same). In sum, Plaintiff's bare allegation that she visited Defendant's website is insufficient to establish injury in fact, and therefore insufficient to establish standing.

### B. California Penal Code Section 638.50

Next, Defendant argues that the challenged tracking software is not a "trap and trace" device under section 638.50(c). Motion at 4–7. The argument is unpersuasive.

The TikTok software, which identifies users on Defendant's website by gathering their "device and browser information and geographic information," among other data, is plausibly a trap and trace device under the meaning of section 638.50(c). FAC ¶¶ 8, 10, 15. California Penal Code section 638.51 prohibits the use of a trap and trace device, defined as any "device or process that captures the incoming electronic or other impulses" identifying the source (but not the contents) of the communication. Cal. Penal Code § 638.50(c). In the absence of any limiting language or ambiguity,[3] section 638.50's reference to a "device or process" suggests that courts should "focus less on the form of the data collector and more on the result." *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) ("A process can take many forms. Surely among them is software that identifies consumers, gathers data, and correlates that data through unique 'fingerprinting.'").

Here, Plaintiff challenges Defendant's use of TikTok software, including its AutoAdvanced Matching feature, a device or process that identifies the source of visitors to Defendant's website. FAC ¶ 11. *See Moody v. C2 Educ. Sys. Inc.*, No. 2:24-CV-04249-RGK-SK, 2024 WL 3561367, at *2–3 (C.D. Cal. July 25, 2024) (finding that "Plaintiff's allegations that the TikTok Software is embedded in the Website and collects information from visitors plausibly fall within the scope of §§ 638.50 and 638.51"). The Court concludes that the challenged software does fall within the ambit of section 638.50(c).

---

[3] California Penal Code section 638.52, which governs the authorization of the use of a pen register or trap and trace device by law enforcement officers, references "telephone line[s] to which the pen register or trap and trace device is to be attached," but neither section 638.50 nor section 638.51 makes reference to telephone lines. Cal. Penal Code § 638.52(d)(1), (3).

### C. Party to Communications

Defendant also argues that because it was a *party* to the relevant communications, it cannot be liable under section 638.51. Motion at 7–9. The Court declines to read this provision so narrowly.

Because a person cannot intercept communications to which they were already a party, a plaintiff alleging wiretapping in violation of CIPA must allege that the intercepting party was not a party to the intercepted communication. *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 . . . has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."). But Defendant does not cite any case law applying the third party requirement to section 638.51. Because section 638.51 applies to circumstances *beyond* the wiretapping context, the Court cannot at this stage determine that the provision is inapplicable as a matter of law.

### D. Consent

Finally, Defendant argues that Plaintiff consented to Defendant's data collection practices by using the site despite notice of its practices in its Privacy Policy. Motion at 10–11, Ex. A. Section 638.51 allows "provider[s] of electronic or wire communication service[s]" to use a trap and trace device "[i]f the consent of the user of that service has been obtained." Cal. Penal Code § 638.51(b)(5). "As the party seeking the benefit of an exception," Defendant bears the burden of establishing consent. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 823 (N.D. Cal. 2020) (quoting *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014); *Shah*, 2024 WL 4539577, at *5.

Here, Defendant's Privacy Policy provides that it may collect personal data such as users' name, email, phone number, and postal address, as well as online identifiers, and that Defendant "may provide your personal information to [other companies that help us provide products and services]." Motion at 11, Ex. A. At this stage, the Court cannot conclude that a reasonable user reading the Privacy Policy must have understood it to cover use of the TikTok software. Where "the contract language at issue is reasonably susceptible to more than one interpretation, with one of those interpretations suggesting consent and another belying it, the Court cannot decide the consent

7

1  issue in [Defendant's] favor at the motion to dismiss stage." *In re Facebook, Inc., Consumer*

2  *Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 789 (N.D. Cal. 2019).  Whether Defendant's

3  Privacy Policy was sufficient to establish consent is a question of fact that should proceed past the

4  pleading stage.

5  **V.    CONCLUSION**

6        For the reasons set forth above, Defendant FKA Distributing's Motion to Dismiss is granted.

7  Plaintiff's claim under California Penal Code section 638.51 is dismissed, but with leave to amend.

9  Dated: February 3, 2025

                                    Hernán D. Vera
                                    United States District Judge