Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

Mark A Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: 248-358-4400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANNE HEITING, an individual**<br><br>Plaintiff,<br><br>v.<br><br>**FKA DISTRIBUTING CO., a California company, DOES 1 through 25, inclusive**<br><br>Defendant. | Case No. 2:24-cv-07314-HDV-AGR<br><br>**DEFENDANT FKA DISTRIBUTING CO.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Notice of Motion and Motion to Dismiss filed concurrently]<br><br>Judge: Hon. Hernan D. Vera<br>Date: April 24, 2025<br>Time: 10:00 AM<br>Location: First Street Courthouse, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, CA 90012 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.    LEGAL STANDARDS .............................................................................................. 1

    A.    Dismissal Under Rule 12 (b)(2) – Lack of Personal Jurisdiction ........................... 1

    B.    Dismissal Under Rule 12 (b)(1) – Lack of Standing ............................................. 3

    C.    Dismissal Under Rule 12 (b)(6) – Failure to State a Claim .................................. 3

II.    ARGUMENT .............................................................................................................. 4

    A.    Plaintiff Fails to Allege that Defendant Purposefully Directed Its Conduct at California ......................................................................................................... 4

    B.    Plaintiff Lacks Standing Because She Fails to Allege a Concrete Injury ............... 7

    C.    Sensitive or Personally Identifiable Data Was Not Collected ............................. 10

III.    CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................. 4

*Calder v. Jones*,
  465 U.S. 783, 104 S. Ct. 1482, 79 L.Ed.2d 804 (1984)......................................... 2

*Conohan v. Gen. Digit. Inc.*,
  2025 U.S. Dist. LEXIS 29803 (C.D. Cal. Feb. 19, 2025)...................................... 4

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).................................................................................................. 2

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*,
  141 S. Ct. 1017 (2021)............................................................................................. 2

*Heiting v. Marriott Int'l, Inc.*,
  743 F. Supp. 3d 1163 (C.D. Cal. 2024) ............................................................. 1, 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 S. Ct. 1868, 80 L.Ed.2d 404 (1984)................................................. 2

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
  72 F.4th 1085 (9th Cir. 2023) ........................................................................ 2, 4, 5

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ............................................................................. 11

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945).................................................................................................. 2

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992).............................................................................................. 3, 7

*Mirmalek v. Los Angeles Times Commc'ns LLC*,
  No. 24-CV-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ........... 8

*Muto v. Fenix Int'l Ltd.*,
  No. 5:22-CV-02164-SSS-DTBX, 2024 WL 2148734 (C.D. Cal. May 2, 2024)............ 2, 6

*Sacco v. Mouseflow, Inc.*,
  No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361 (E.D. Cal. Sept. 30, 2022) ................ 6

*Shah v. Fandom, Inc.*,
    No. 24-CV-01062-RFL, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ............................ 8

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ........................................................................................................ 3, 7

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ................................................................................................... 3, 7, 8

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................................................ 2, 4

*Warth v. Seldin*,
    422 U.S. 490 (1975) ............................................................................................................ 7

*Yamashita v. LG Chem, Ltd.*,
    62 F.4th 496 (9th Cir. 2023) ............................................................................................... 2

**Statutes**

California Penal Code § 638.51 ................................................................................. 1, 4, 7, 8, 10

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................... i, 1, 3, 6, 9, 11

Plaintiff Anne Heiting ("Plaintiff" or "Heiting") brings this putative class action alleging that Defendant FKA Distributing Co. ("Defendant"), a Michigan company[1], violated California's Trap and Trace Law, codified in California Penal Code § 638.51, by using TikTok's tracking software on its website. Plaintiff previously filed a First Amended Complaint (FAC), which this Court dismissed for lack of standing, and now attempts to cure the deficiencies in her Second Amended Complaint (SAC). However, despite Plaintiff's attempts to add additional allegations, the SAC still fails to establish standing under Article III of the U.S. Constitution, fails to plausibly allege personal jurisdiction by showing that Defendant purposefully directed its conduct at California, and is further barred by Plaintiff's consent to Defendant's data collection practices. Accordingly, the SAC should be dismissed with prejudice.

## I.  LEGAL STANDARDS

**A. Dismissal Under Rule 12 (b)(2) – Lack of Personal Jurisdiction**

A court must dismiss a complaint under Fed. R. Civ. P. 12(b)(2) if the plaintiff fails to establish that the court has personal jurisdiction over the defendant. To establish personal jurisdiction, a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the forum state such that the exercise of

---

[1] As Plaintiff correctly now identifies in the Second Amended Complaint, Defendant is a Michigan corporation. (Second Amended Complaint at ¶5).

jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either general or specific. General jurisdiction exists where the defendant's affiliations with the forum state are so continuous and systematic as to render it essentially at home there. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction requires that the defendant purposefully directed its conduct at the forum state and that the claim arises out of or relates to the defendant's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014); *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021).

A plaintiff must show that the defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023). "[U]nilateral activity of another party or a third person" does not suffice. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984).

Courts have consistently held that the operation of a website accessible nationwide, without more, is insufficient to establish personal jurisdiction. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023) (Applying the "effects" test derived from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L.Ed.2d 804 (1984)). A plaintiff must show that the defendant purposefully targeted the forum state, not merely that the website was accessible there. *See Muto*

*v. Fenix Int'l Ltd.*, No. 5:22-CV-02164-SSS-DTBX, 2024 WL 2148734, at *11 (C.D. Cal. May 2, 2024).

### B. Dismissal Under Rule 12 (b)(1) – Lack of Standing

A federal court must dismiss a complaint under Rule 12(b)(1) if the plaintiff lacks standing to bring the claim. To establish standing, a plaintiff must demonstrate (1) an injury-in-fact that is concrete, particularized, and actual or imminent, (2) a causal connection between the injury and the defendant's conduct, and (3) that the injury is redressable by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Supreme Court has held that a plaintiff cannot establish standing merely by alleging a statutory violation; rather, she must allege a concrete injury that resulted from the alleged violation. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021).

### C. Dismissal Under Rule 12 (b)(6) – Failure to State a Claim

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is only plausible if it provides sufficient factual content to allow the court to infer that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). Mere conclusory allegations or legal conclusions couched as factual allegations are not sufficient to survive dismissal. *Iqbal*, 556 U.S. at 678.

## II. ARGUMENT

**A. Plaintiff Fails to Allege that Defendant Purposefully Directed Its Conduct at California**

To establish a claim under California Penal Code § 638.51, Plaintiff must show that Defendant, a Michigan company, purposefully directed its conduct at California residents. Courts even if it allows the sale of products in California, have consistently held that the operation of a website accessible nationwide, without more, is insufficient to establish personal jurisdiction or to show that a defendant's conduct was expressly aimed at California.

This principle was reaffirmed in *Conohan v. Gen. Digit. Inc.*, 2025 U.S. Dist. LEXIS 29803, at *4 (C.D. Cal. Feb. 19, 2025), where the same plaintiffs' firm brought nearly identical claims under § 638.51. The court dismissed the case because the plaintiff failed to establish that the defendant purposefully directed its conduct at California. The court cited *Walden v. Fiore*, 571 U.S. 277, 290 (2014), emphasizing that the relationship among the defendant, the forum, and the litigation must be meaningful and not based solely on the fortuitous presence of a plaintiff in the forum.

Additionally, in *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023), the Ninth Circuit reiterated that "operation of an interactive website does not, by itself, establish express aiming." Otherwise, any seller offering products

through an interactive website would be subject to jurisdiction in every state where the website is accessible. This is precisely the flaw in Plaintiff's theory here. The court further noted the impracticality of basing jurisdiction on sales, explaining that "[i]f one sale were not enough to establish that a defendant expressly aimed its conduct at a forum, we would face the difficult question of how many sales would suffice. The same challenges would exist if we were to attempt to craft a rule based on sales to the forum as a percentage of a defendant's total sales." *Id.* at 1095. Defendant's activities, like those in *Herbal Brands*, amount to nothing more than operating a website accessible to California residents, with no deliberate effort to cultivate a California-specific market, and therefore do not support the exercise of personal jurisdiction.

The court in *Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163, 1171-1172 (C.D. Cal. 2024), a case also brought by the Plaintiff in this case and Plaintiff's counsel, further held that the operation of a website with tracking software does not constitute conduct purposefully directed at California unless the defendant's website specifically targeted California residents. Plaintiff's allegations here are indistinguishable from those rejected in *Heiting*. "[T]he law is clear that a defendant cannot be sued in any forum where its website is visible, and because Heiting has not shown that [Defendant] operated its website in a manner that specifically targeted California, the Court holds that Heiting has failed to establish that

[Defendant] expressly aimed its actions at the forum, making the exercise of specific personal jurisdiction inappropriate." *Id.*

The same reasoning applies here. Plaintiff fails to allege any facts showing that Defendant operated its website to specifically target California users or that the tracking software functioned any differently in California than in any other state. Courts have rejected such jurisdictional arguments in multiple cases, including *Sacco v. Mouseflow, Inc.*, No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361 (E.D. Cal. Sept. 30, 2022), where the court ruled that tracking software operating nationwide, without additional forum-specific targeting, was insufficient to establish purposeful direction.

Similarly, in *Muto v. Fenix Int'l Ltd.*, No. 5:22-CV-02164-SSS-DTBX, 2024 WL 2148734, at *4 (C.D. Cal. May 2, 2024), the court rejected a claim asserting that a website's operation alone was enough to establish jurisdiction, holding that plaintiff must show that the website had a forum-specific focus or that the defendant exhibited an intent to cultivate an audience in the forum. Plaintiff here makes no such showing.

Because Plaintiff's claim rests entirely on Defendant's general website operations—without any allegations of forum-specific conduct—the SAC should be dismissed under Rule 12(b)(2).

### B. Plaintiff Lacks Standing Because She Fails to Allege a Concrete Injury

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff establishes an injury in fact when she shows that she suffered "an invasion of a legally protected interest" that is "concrete and particularized." *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"). At the pleading stage, the plaintiff bears the burden of "clearly . . . alleg[ing] facts demonstrating" each element. *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Bare statutory violations are insufficient to establish injury in fact. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) confirmed that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Spokeo*, 578 U.S. at 341, similarly held that "Article III standing requires a concrete injury even in the context of a statutory violation." Thus, to establish standing under California Penal Code § 638.51, Plaintiff must allege a concrete and particularized injury. *See Rodriguez v. Fountain9, Inc.*, No. 24-ST-CV-04504, 2024 WL 3886811, at 4 (Cal. Super. July 9, 2024).

Plaintiff has failed to meet this burden. In *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *4-5 (C.D. Cal. July 12, 2024), the court dismissed a nearly identical § 638.51 claim because the plaintiff "does not clearly allege what personalized information of hers was actually collected [and] does not identify any harm to her privacy." Here, Plaintiff's allegations remain similarly deficient. Plaintiff has amended the SAC to now include conclusory assertions that tracking occurs "automatically and instantaneously" and applies "regardless of whether or not the individual has a TikTok account." (SAC at ¶¶ 12 and 14). However, these additions do not address the fundamental deficiency—Plaintiff still does not allege any specific harm resulting from Defendant's alleged tracking.

The Ninth Circuit has made clear that claims under privacy statutes must include allegations of actual harm to establish standing. In *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020), the court that *TransUnion* requires courts to determine whether a concrete harm exists. Plaintiff here fails to allege any facts showing that she suffered a tangible injury, such as identity theft, financial loss, reputational harm, or even an emotional distress claim linked to data misuse. 594 U.S. 413, 426 (2021).

Moreover, Plaintiff's claim mirrors those dismissed in *Shah v. Fandom, Inc.*, No. 24-CV-01062-RFL, 2024 WL 4539577, at 5 (N.D. Cal. Oct. 21, 2024) and *Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 24-CV-01797-CRB, 2024 WL 5102709, at *4 (N.D. Cal. Dec. 12, 2024), where the courts found that allegations of

mere data collection, without allegations that the data was used in a harmful way, failed to establish standing.

Finally, Plaintiff does not allege that she was de-anonymized, that her data was used to identify her personally, or that she suffered any injury beyond the theoretical risk of data collection. As has been previously ruled in this matter, a plaintiff who merely alleges that she "visited Defendant's Website" and speculates about the possible use of her data without articulating a concrete injury does not satisfy the standing requirement. Order on Motion to Dismiss, Dkt. No. 29, at 6-7 (C.D. Cal. Feb. 3, 2025).

Thus, Plaintiff's additions in the SAC—assertions that tracking occurs "instantaneously" and "regardless of whether or not the individual has a TikTok account"—do nothing to cure the fundamental deficiency. Specifically, as found by the court in *Hughes* "[i]f Plaintiff does not have a TikTok account, then the fingerprinting process would not produce any match, meaning Plaintiff's identity would not be connected with the anonymous information, and seemingly no harm would have occurred. 2024 WL 5179916, at *5 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024). Plaintiff must allege a specific, concrete injury resulting from Defendant's alleged conduct, and she has failed to do so. The SAC should therefore be dismissed under Rule 12(b)(1).

Plaintiff fails to establish Article III standing because she does not allege any actual, concrete harm resulting from Defendant's alleged use of TikTok tracking software. Courts have consistently held that the mere collection of data, absent any misuse or harm, does not establish standing. Leading the court in *Hughes,* 2024 WL 5179916, to dismiss a nearly identical § 638.51 claim where the plaintiff failed to allege how the collected data harmed her. Similarly, Plaintiff here does not allege that her identity was de-anonymized, that her information was misused, or that she suffered any tangible harm from Defendant's alleged data collection.

### C. Sensitive or Personally Identifiable Data Was Not Collected

*Griffith* confirms that not all data collection constitutes a violation of privacy laws. 5:23-CV-00964-SB-E, 2024 WL 5279224 (C.D. Cal. Dec. 24, 2024). Notably, in *Griffith*, discovery was conducted, and the issue was the same TikTok Pixel at issue here. Despite this, no personally identifiable information was found to have been transmitted. This further underscores that Plaintiff's speculative claims cannot withstand scrutiny and that dismissal is warranted. The court in *Griffith* granted summary judgment because plaintiffs failed to provide any evidence that TikTok's use of its Pixel was tracking collected private or personally identifiable information, distinguishing it from cases where highly sensitive data was misused. *Griffith*, 2024 WL 5279224, at 8-9.

Here, Plaintiff makes generalized claims about Defendant's data collection without identifying any specific, sensitive, or personally identifiable information

that Defendant obtained. This omission is critical as courts have repeatedly rejected privacy claims where plaintiffs fail to articulate what, if any, private data was actually intercepted. *See In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (holding that metadata and transactional information do not constitute "contents" of a communication for privacy law purposes).

Plaintiff has not alleged that Defendant collected any sensitive or personally identifiable information, which is fatal to her claim. Accordingly, Plaintiff's claims should be dismissed under Rule 12(b)(6).

### III.   CONCLUSION

For the foregoing reasons, Homedics respectfully requests that the Court grant this Motion and dismiss Plaintiff's Second Amended Class Action Complaint in its entirety with prejudice. Plaintiff has failed to state a claim upon which relief can be granted, and any amendment would be futile.

DATED: March 6, 2025

By: /s/ Mark A. Cantor
Mark A. Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400

Thomas A. Runk (SBN101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

*Attorneys for Defendant*
*FKA Distributing Co.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant FKA Distributing Co., certifies that this brief contains 2479 words, which complies with the word limit of L.R. 11-6.1

By: /s/ Mark A. Cantor
Mark A. Cantor (*Pro Hac Vice*)