Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

Mark A Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: 248-358-4400

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANNE HEITING, an individual**<br>Plaintiff,<br>v.<br>**FKA DISTRIBUTING CO., a California company, DOES 1 through 25, inclusive**<br>Defendant. | Case No. 2:24-cv-07314-HDV-AGR<br><br>**DEFENDANT FKA DISTRIBUTING CO.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Hernan D. Vera<br>Date: April 24, 2025<br>Time: 10:00 AM<br>Location: First Street Courthouse, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, CA 90012 |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

I. PLAINTIFF'S SAC STILL FAILS TO ALLEGE ARTICLE III STANDING .......... 1

II. DEFENDANT DID NOT WAIVE ITS RULE 12 DEFENSES .......... 3

A. An Intervening Change in Law Excuses Any Alleged Waiver .......... 3

B. Plaintiff's Second Amended Complaint Revives Defendant's Right to Raise Rule 12 Defenses .......... 4

III. THERE IS NO PERSONAL JURISDICTION OVER DEFENDANT IN THIS CASE .......... 4

IV. CONCLUSION .......... 5

# TABLE OF AUTHORITIES

## Cases

*Bullen v. De Bretteville*,
239 F.2d 824 (9th Cir. 1956) .......... 4

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
265 F. Supp. 3d 1196 (D. Or. 2017) .......... 3

*Conohan v. Gen. Digit. Inc.*,
2025 U.S. Dist. LEXIS 29803 (C.D. Cal. Feb. 19, 2025) .......... 4

*Hughes v. Vivint, Inc.*,
2024 WL 5179916 (C.D. Cal. July 12, 2024) .......... 2

*In re Apple iPhone Antitrust Litig.*,
846 F.3d 313 (9th Cir. 2017) .......... 4

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 2

*Loux v. Rhay*,
375 F.2d 55 (9th Cir. 1967) .......... 4

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 1, 3

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 5

## Other Authorities

California Penal Code § 638.51 .......... 3, 4

## Rules

Fed. R. Civ. P. 12 .......... 3

Plaintiff's Second Amended Complaint ("SAC") should be dismissed because: (1) the lack of Article III standing, and (2) the lack of personal jurisdiction over Defendant.[1] On the merits, Plaintiff still does not plead any concrete Article III injury, nor does she plausibly allege that Defendant purposefully directed its conduct at California.

## I. PLAINTIFF'S SAC STILL FAILS TO ALLEGE ARTICLE III STANDING

Plaintiff's SAC still fails to establish Article III standing. She does not allege a concrete injury, does not identify what personal information was actually collected, and does not show how she was harmed by Defendant's alleged conduct. These omissions are fatal.

To satisfy Article III, Plaintiff must allege a concrete and particularized injury that is actual or imminent. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). A statutory violation alone is not enough; there must be actual harm. *Id.* Despite having been afforded ample opportunity to amend, Plaintiff's SAC still utterly fails to allege that she was identified, de-anonymized, tracked across sites, or subjected to any use of her data that affected her in a concrete way. Rather, the SAC merely repeats that Plaintiff visited Defendant's website once on March 4, 2024, SAC ¶ 9, and it speculates that TikTok's embedded scripts could collect browser or referral data. SAC ¶¶ 11-17. But Plaintiff does not allege that any such data was in fact matched to her, or that she suffered harm from this alleged tracking. Without such factual allegations, the claim remains theoretical. This Court ruled in dismissing Plaintiff's FAC, Plaintiff still "fails to allege any basic facts from which

[1] Plaintiff argues that Defendant waived its jurisdictional defense, but it is properly before the Court. As set forth herein, waiver is excused due to an intervening change in controlling law, and in any event, Plaintiff's filing of a materially expanded SAC resets waiver and revives Defendant's ability to raise jurisdictional defenses.

the Court could infer a concrete injury, like when and how many times she visited the site, what information she provided, what information Defendant captured, whether she was aware of Defendant's tracking practices, or if she has any reason to believe that she was indeed de-anonymized." (ECF 29 at PageID#244.) This Court specifically told Plaintiff what it believed was necessary to meet Article III standing and Plaintiff's SAC fails to do so.

Indeed, the Ninth Circuit has rejected standing for abstract privacy claims where plaintiffs fail to allege actual misuse or disclosure of data. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020). And in *Hughes v. Vivint, Inc.*, 2024 WL 5179916 (C.D. Cal. July 12, 2024), the court dismissed a similar claim because the plaintiff failed to allege how she was personally affected. As in *Hughes,* Plaintiff here alleges neither de-anonymization nor harm.

Plaintiff's suggestion that Defendant contends that violations or invasions of the right of privacy are not actionable misses the mark; rather, Defendant asserts in part that, by failing to allege that she was ever separately identified or de-anonymized by the complained of TikTok software, Plaintiff fails to allege her privacy was invaded at all. Naturally, without any de-anonymization, the data gathered is merely anonymous and therefore cannot invade one's privacy. Stated another way, Plaintiff's alleged harm remains in the non-actionable, merely theoretical realm, utterly lacking any cognizable, concrete harm.

In its opposition, Plaintiff effectively concedes this point. For example, Plaintiff states as follows: "Liability instead turns on whether a specific harm can be caused when capturing impulses – i.e. whether the captured impulses can be used <u>to make an identification</u> that both the United States Congress and California legislature concluded are entitled to remain anonymous unless one of the few narrow exceptions applies." (Opp at 9:19-21-10:2, emphasis added.) Plaintiff fails, however, to provide any factual allegations demonstrating that an "identification"

was made at all. Without it, there can be no invasion and no cognizable harm. Indeed, for these reasons and those discussed above, Plaintiff has not articulated – nor can it articulate – any injury in fact, a prerequisite for Article III standing.

Plaintiff attempts to circumvent this authority by arguing that California Penal Code § 638.51 protects a substantive right to privacy, the violation of which suffices to establish standing. This misreads binding authority. As *TransUnion* clarified, even violations of substantive statutes require a showing of concrete harm. 594 U.S. at 426. Courts must determine whether the alleged injury bears a close relationship to a harm traditionally recognized at common law. *Id*. Plaintiff fails that test. She does not allege intrusion upon seclusion, public disclosure, or appropriation of likeness—all harms historically recognized at common law. Instead, she alleges speculative data collection by a third party (TikTok), without showing that the data was ever tied to her. That does not satisfy Article III.

## II. DEFENDANT DID NOT WAIVE ITS RULE 12 DEFENSES

### A. An Intervening Change in Law Excuses Any Alleged Waiver

The waiver rule under Fed. R. Civ. P. 12(g)(2) does not apply where an intervening change in law affects the availability or viability of a defense. In *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 265 F. Supp. 3d 1196 (D. Or. 2017), the court excused waiver of a venue defense after *TC Heartland* changed the governing standard. The court held:

> "One exception to the general rule of waiver is when there has been an intervening change in the law recognizing an issue that was not previously available. This exception applies when there was strong precedent prior to the change, such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." *Id*. at 1200.

The same principle applies here. *Conohan v. Gen. Digit. Inc.*, 2025 U.S. Dist. LEXIS 29803 (C.D. Cal. Feb. 19, 2025), issued after Defendant's first motion to dismiss, was the first decision addressing personal jurisdiction in a CIPA trap-and-trace claim. *Conohan* clarified that operating a nationwide website with embedded third-party scripts does not suffice to establish purposeful direction under the specific jurisdiction standard. Prior to *Conohan*, no court had ruled on this issue in the context of California Penal Code § 638.51. *Conohan* thus operates as an intervening clarification warranting reconsideration of jurisdictional issues.

**B. Plaintiff's Second Amended Complaint Revives Defendant's Right to Raise Rule 12 Defenses**

In the alternative, Plaintiff's filing of the SAC resets the pleading stage and permits Defendant to reassert Rule 12 defenses. The Ninth Circuit has held that an amended complaint supersedes the original and allows defendants to respond afresh. *See Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956) ("An amended pleading supersedes the original, the latter being treated thereafter as non-existent."); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, rendering it of no legal effect.").

Plaintiff's SAC added multiple new allegations and factual assertions to respond to the Court's prior dismissal order. These changes entitle Defendant to re-evaluate and raise applicable defenses under Rule 12. The waiver rules are not designed to preclude defendants from responding to new pleadings. Courts routinely recognize that new pleadings reopen the door to all defenses. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-18 (9th Cir. 2017) (waiver applies only where the defense was previously available and no new pleading was filed).

## III. THERE IS NO PERSONAL JURISDICTION OVER DEFENDANT IN THIS CASE

Plaintiff's jurisdictional allegations are insufficient and Plaintiff does not demonstrate otherwise. The SAC does not allege that Defendant tailored its website

to California users, engaged in targeted advertising to California, or took steps to cultivate a California-specific market.

Plaintiff cites *Walden v. Fiore*, 571 U.S. 277 (2014), but ignores its central holding: the relationship between the defendant, the forum, and the litigation must arise from the defendant's own contacts with the forum, not the plaintiff's unilateral activity. The SAC does not meet that burden.

## IV. CONCLUSION

Plaintiff's Second Amended Complaint still fails to establish Article III standing and does not cure the jurisdictional defects. Defendant's Rule 12 defenses are properly asserted. The Motion should be granted, and the SAC should be dismissed with prejudice.

DATED: April 10, 2025

By: */s/ Mark A. Cantor*

Mark A. Cantor (*Pro Hac Vice*)
Muhammad A. Siwani (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400

Thomas A. Runk (SBN101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

*Attorneys for Defendant*
*FKA Distributing Co.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant FKA Distributing Co., certifies that this brief contains 1356 words, which complies with the word limit of L.R. 11-6.1

By: */s/ Mark A. Cantor*
Mark A. Cantor (*Pro Hac Vice*)