UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE HEITING,<br><br>Plaintiff,<br><br>v.<br><br>FKA DISTRIBUTING CO. LLC et al.,<br><br>Defendants. | Case No. 2:24-cv-07314-HDV-AGR<br><br>**ORDER DENYING DEFENDANT FKA DISTRIBUTING CO.'S MOTION TO DISMISS [33]** |

## I.   INTRODUCTION

Before the Court is Defendant FKA Distributing Co.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(1), and (b)(6). [Dkt. Nos. 33–34]. Defendant argues that Plaintiff's complaint must be dismissed for lack of personal jurisdiction, failure to allege a concrete injury, and failure to allege the collection of any private or personal identifying information. Motion at 1.

Defendant's arguments are unavailing. Defendant waived personal jurisdiction by failing to raise it in its first motion to dismiss. Fed. R. Civ. P. 12(h)(1). Further, the Court finds that Plaintiff now adequately alleges concrete and particularized injury to her privacy, consistent with the Court's February 3, 2025 Order. The Motion is therefore denied.

## II.   BACKGROUND[1]

Plaintiff Anne Heiting alleges that Defendant's website, Homedics.com, collected geographic location and other personal identifying information in violation of California Penal Code section 638.51 (known as California's "Trap and Trace" Law). First Amended Complaint ¶¶ 8–13, 23–30 [Dkt. No. 19].

Defendant moved to dismiss Plaintiff's First Amended Complaint on November 7, 2024, contending that (1) Plaintiff lacked standing, (2) the TikTok software does not constitute a "trap and trace device," (3) Defendant was a party to all communications on its website, and (4) Plaintiff consented to Defendant's data collection practices. [Dkt. No. 21]. The Court rejected each of Defendant's arguments, with the exception of standing. Order Granting Defendant's Motion to Dismiss ("First MTD Order") 4–8 [Dkt. No. 29]. The Court found that Plaintiff failed to allege a concrete and particularized injury:

> Here, Plaintiff alleges only that she is "a person who visited Defendant's Website . . . ." FAC ¶ 23. She fails to allege any basic facts from which the Court could infer a concrete injury, like when and how many times she visited the site, what information she provided, what information Defendant captured, whether she was

---

[1] The Court accepts all of Plaintiff's plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1  |  aware of Defendant's tracking practices, or if she has any reason to believe that she
2  |  was indeed de-anonymized.

3  *Id.* at 5. Accordingly, the Court dismissed Plaintiff's First Amended Complaint, with leave to
4  amend. *Id.* at 8.

5  Plaintiff amended her complaint on February 20, 2025. Second Amended Complaint
6  ("SAC") [Dkt. No. 32]. Defendant again moved to dismiss, this time on the basis of lack of personal
7  jurisdiction, lack of standing, and failure to state a claim. Motion at 1. The Court heard oral
8  argument on April 24, 2025 and took the matter under submission. [Dkt. No. 39].

9  **III.  LEGAL STANDARD**

10  **A.  Standing**

11  Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the
12  complaint. Fed. R. Civ. P. 12(b)(1). Pursuant to Article III of the Constitution, the Court's
13  jurisdiction over the case "depends on the existence of a 'case or controversy' . . . ." *GTE Cal.,*
14  *Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has
15  standing to bring the claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "On a motion to
16  dismiss for lack of standing, a district court must accept as true all material allegations in the
17  complaint, and must construe the complaint in the nonmovant's favor." *Chandler v. State Farm*
18  *Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). The plaintiff bears the burden of
19  establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,
20  377 (1994).

21  **B.  Personal Jurisdiction**

22  Rule 12(b)(2) allows a defendant to move for dismissal based on a lack of personal
23  jurisdiction. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction may be general or specific. A corporate
24  defendant may be subject to general jurisdiction in a state only if its contacts with that state are so
25  "continuous and systemic" that it is "essentially at home" in the state. *See Ford Motor Company v.*
26  *Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (citing *Goodyear Dunlop Tires Operations,*
27  *S. A v. Brown*, 564 U.S 915, 919 (2011)). A court has specific jurisdiction over a claim that "aris[es]
28  out of or relate[s] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S.

1  117, 127 (2014).  The Ninth Circuit employs a three-part test to determine whether a court possesses
2  specific jurisdiction over a particular defendant: (1) the defendant must have "performed some act or
3  consummated some transaction within the forum or otherwise purposefully availed himself of the
4  privileges of conducting activities in the forum," (2) the claim must "arise[] out of or result[] from
5  the defendant's forum-related activities," and (3) the exercise of jurisdiction must be reasonable.
6  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  "In opposing a defendant's
7  motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that
8  jurisdiction is proper."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

### C. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed.  *Id.* at 680.  While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  In making this determination, allegations of material fact should be construed in the light most favorable to the plaintiff.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

### IV. DISCUSSION

Defendant contends that the Court lacks personal jurisdiction over Defendant, that Plaintiff fails to allege a concrete injury sufficient to confer Article III standing, and that Plaintiff fails to allege that Defendant collected any private or personally identifying information.  Motion at 1.

1      Each of Defendant's arguments fail.  First, Defendant has waived its personal jurisdiction
2 argument by failing to raise this issue in its first pleading challenge.  *See* Fed. R. Civ. P. 12(h)(1)(A)
3 (waiving defenses under Rule 12(b)(2)–(5) not raised in the party's first Rule 12 motion); *In re*
4 *Apple iPhone Antitrust Litigation*, 846 F.3d 313, 317–18 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v.*
5 *Pepper*, 587 U.S. 273 (2019).
6      Defendant's standing argument fares no better.  Though the Court dismissed Plaintiff's First
7 Amended Complaint for lack of standing, Plaintiff's amendments cure this defect.  Plaintiff now
8 alleges that she visited the website on March 4, 2024 and that at the time she visited the website,
9 Defendant operated the TikTok software, which "collects information [device and browser
10 information, geographic information, referral tracking, and URL tracking] automatically on
11 everyone who visits the Website[.]"  SAC ¶¶ 9, 11.  Stated differently, Plaintiff's SAC now alleges
12 that the software effectively de-anonymizes the website user and has collected tracking information
13 on her irrespective of her lack of a TikTok account.  *Id*.  Accepting Plaintiff's plausible allegations
14 as true—as the Court must at this stage—Plaintiff's allegations suffice to establish a concrete injury.
15 *See Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1078 (C.D. Cal. 2024) (finding Article III
16 standing where the plaintiff alleged that "(1) Defendant operates its TikTok Software on its Website;
17 (2) the TikTok Software collects data from every visitor of the Website; and (3) Plaintiff allegedly
18 visited the Website on February 28, 2024"); *see also In re Facebook, Inc. Internet Tracking Litig.*,
19 956 F.3d 589, 598–99 (9th Cir. 2020) (finding that the plaintiffs adequately alleged harm to their
20 privacy interests where Facebook "allegedly constantly compiled and updated its database with its
21 users' browsing activities" without consent).
22      The Court rejects Defendant's third and final argument for the same reason.  Plaintiff's
23 amended allegations support the inference that Defendant collected Plaintiff's personal identifying
24 information, as the TikTok software purportedly does from every visitor of Defendant's website.
25 SAC ¶¶ 9, 11.  At this stage, that is sufficient.

## V. CONCLUSION

Defendant's Motion to Dismiss is denied.

Dated: May 15, 2025

_____
Hernán D. Vera
United States District Judge