Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

Mark A Cantor (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: 248-358-4400

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANNE HEITING, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br>v.<br><br>**FKA DISTRIBUTING CO., a California company, DOES 1 through 25, inclusive**<br><br>Defendant. | **Case No. 2:24-cv-07314-HDV-AGR**<br><br>**DEFENDANT FKA DISTRIBUTING CO.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT FOR: VIOLATIONS OF CALIFORNIA TRAP AND TRACE LAW (CAL. PENAL CODE § 638.51)** |

Defendant FKA Distributing Co. ("FKA") hereby submits its answer to Plaintiff's Second Amended Complaint as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

**ANSWER:**

Denied.

2. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its activities to the Central District of California by regularly tracking individuals in California through its website. Defendant's illegal conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm.

**ANSWER:**

Denied.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

**ANSWER:**

Denied.

**PARTIES**

4. Plaintiff Anne Heiting ("Plaintiff") is a citizen of California residing and located within the Central District of California at all times relevant to the events alleged herein.

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

5. Defendant FKA Distributing Co. ("Defendant") is a Michigan company that owns, operates, and/or controls https://www.homedics.com.

**ANSWER:**

Admitted.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**ANSWER:**

While Plaintiff may refer to FKA along with its affiliates and agents as "Defendants," FKA denies that its "affiliates" or "agents" are actually defendants in this matter. FKA further denies that it has committed any unlawful acts. FKA denies any remaining allegations contained in this Paragraph.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the

acts and/or omissions complained of herein was ratified by each of the other Defendants.

**ANSWER:**

Denied.

**FACTUAL ALLEGATIONS**

8. Defendant is a company that sells merchandise related to health and wellness. Defendant operates https://www.homedics.com (the "Website"). Defendant has installed on its Website software created by TikTok in order to identify website visitors (the "TikTok Software").

**ANSWER:**

FKA admits that it sells merchandise related to health and wellness and that it operates the Website. Defendant admits that it used the TikTok pixel for a limited amount of time. FKA denies the remaining allegations contained in this Paragraph.

9. Plaintiff visited the Website on March 4, 2024. The TikTok Software was already installed on the Website when Plaintiff visited.

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

10. The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

11. The TikTok Software gathers personally identifiable data including device and browser information, geographic information, referral tracking and url tracking by running code or "scripts" on the Website to send user details to TikTok.

It collects information like this automatically on everyone who visits the Website, including Plaintiff, regardless of whether someone has a TikTok account. That is the entire purpose of the TikTok Software.

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

12. Additionally, since Homedics has decided to use TikTok's "AutoAdvanced Matching" technology, TikTok scans every website for information. Thus, when the website asks for information, such as name, date of birth, and address, the information is sent simultaneously to TikTok, so that TikTok can isolate with certainty the individual to be targeted, regardless of whether or not the individual has a TikTok account.

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

13. The TikTok Software runs on virtually every page of Homedics's website, sending to TikTok images of website user's interests. An image of the code, as it appears side by side (and simultaneously) with the TikTok AutoAdvanced Matching tracking code Homedics has placed on the page, can be seen here:



**ANSWER:**

While FKA admits that the publicly available code for the Website contains reference to TikTok, FKA denies that any TikTok software is active on the Website. FKA denies all remaining allegations.

14. The Homedics website instantly sends communications to TikTok whenever any user lands on the Website and every time a user clicks on a page. In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior: Because it happens automatically and instantly on a user's first visit, it is impossible for a user like Plaintiff to know in advance that the TikTok Software on Defendant's Website will track them.




**ANSWER:**

Denied.

15. California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

**ANSWER:**

Admitted.

16. The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

17. The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses. In fact, it is designed solely to meet this objective and is a part of TikTok's own explanation about the TikTok Software: https://ads.tiktok.com/help/article/using-cookies-with-tiktok-pixel?lang=en.

**ANSWER:**

FKA is without sufficient information to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same

18. CIPA imposes civil liability and statutory damages for the installation of trap and trace software without a court order. California Penal Code § 637.2; see also, Greenley v. Kochava, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023).

**ANSWER:**

FKA states that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, FKA states that it is without sufficient information to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same

19. Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and deanonymization. Plaintiff also never knowingly provided any information to Defendant or TikTok.

**ANSWER:**

FKA is without sufficient information to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same.

**CLASS ALLEGATIONS**

20. Plaintiff brings this action individually and on behalf of all others similarly situated in a (the "Class") defined as follows:

> All people within California whose identifying information was sent to TikTok as a result of visiting the Website.

**ANSWER:**

FKA admits that Plaintiff avers that the class as "All people within California whose identifying information was sent to TikTok as a result of visiting the Website." FKA denies that this is a proper class or that class certification is appropriate.

21. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be well into the thousands. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

**ANSWER:**

Denied.

22. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to

the individual circumstances of any Class Member, include but are not limited to the following:

a. Whether Defendant caused electronic communications from Class Members with the website to be recorded, intercepted, and/or monitored;

b. Whether Defendant aided and abetted a third-party in eavesdropping on such communications;

c. Whether Defendant installed the TikTok Software on the Website;

d. Whether the TikTok Software is a trap and trace process as defined by law;

e. Whether Plaintiff and Class Members are entitled to statutory damages; and

f. Whether Class Members are entitled to injunctive relief.

g. Whether Class Members are entitled to disgorgement of data obtained unlawfully.

**ANSWER:**

Denied.

23. TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was subjected to a trap and trace process on Defendant's Website, Plaintiff's claim and experience is typical of the Class.

**ANSWER:**

Denied.

24. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper can be excluded.

**ANSWER:**

Denied.

25. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**ANSWER:**

Denied.

**FIRST CAUSE OF ACTION**

**Violations of California Trap and Trace Law**

**Cal. Penal Code § 638.51**

26. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

**ANSWER:**

FKA repeats its answers to the preceding paragraphs as if fully set forth herein.

27. California Penal Code §638.51 (the "California Trap and Trace Law") provides that "a person may not install or use…a trap and trace device without first obtaining a court order…."

**ANSWER:**

Admitted.

28. A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

**ANSWER:**

Admitted.

29. Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is designed precisely to identify the source of the incoming electronic and wire communications to the Website. Defendant did not obtain consent from Plaintiff or any of the class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

**ANSWER:**

Denied.

30. CIPA imposes civil liability and statutory damages for violations of §638.51. California Penal Code § 637.2; see also, Moody v. C2 Educational Systems Inc., No. 2:24-cv-04249-RGK-SK, 2024 U.S. Dist. LEXIS 132614 (C.D. Cal. July 25, 2024).

**ANSWER:**

FKA is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies the same.

## AFFIRMATIVE AND OTHER DEFENSES

FKA asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without admitting or denying it bears the burden of proof as to any of them. These defenses are based on the facts and information currently known to FKA. FKA reserves the right to amend or add additional defenses, including instances of inequitable conduct, based on the facts later discovered, pled, or offered.

FKA asserts the following affirmative defenses, without assuming the burden of proof when the law places such burden on the Plaintiff:

**FIRST AFFIRMATIVE DEFENSE: UNCLEAN HANDS**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SECOND AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

Plaintiff fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE: LACK OF PERSONAL JURISDICTON AND VENUE**

Plaintiff cannot assert claims in this jurisdiction because Court does not have personal jurisdiction over Defendant. Venue is likewise improper, including under the terms and conditions of the Website, which require that any dispute be brought in a court of competent jurisdiction in Oakland County, Michigan.

**FOURTH AFFIRMATIVE DEFENSE: CONSENT**

Plaintiff is barred from asserting their claims in whole or in part because she consented to the alleged conduct.

**FIFTH AFFIRMATIVE DEFENSES: GOOD FAITH**

Any and all claims brought in the Complaint are barred because Defendant possessed a good-faith belief that it was not committing any wrongdoing.

**SIXTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES**

To the extent that the Complaint alleges that Plaintiff suffered any purported injury or damages, she failed to take any and all reasonable or necessary actions to avoid or reduce her damages, and any damages awarded to her must be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE: NO PROXIMATE CAUSE**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of Plaintiff or

third parties proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

**EIGHTH AFFIRMATIVE DEFENSE: NO VICARIOUS LIABILITY**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable

**NINTH AFFIRMATIVE DEFENSE: NO KNOWING OR WILLFUL MISCONDUCT**

Plaintiff's claim is barred, in whole or in part, because Defendant did not engage in knowing or willful misconduct.

**TENTH AFFIRMATIVE DEFENSE: FAILURE TO JOIN PARTY AND/OR NAME THE PROPER DEFENDANT**

The claims brought in the Complaint are barred, in whole or in part, by Plaintiff's failure to join necessary or indispensable parties including TikTok.

**ELEVENTH AFFIRMATIVE DEFENSE: LIMITATION ON DAMAGES**

Plaintiff is barred from asserting her claims to the extent that limitations on exclusive remedies and damages are set forth in any applicable terms and conditions that apply to them.

**TWELFTH AFFIRMATIVE DEFENSE: NO REASONABLE EXPECTATION OF PRIVACY**

Plaintiff's claims are barred in whole or in part because she did not have a reasonable expectation of privacy in visiting the Website.

**THIRTEENTH AFFIRMATIVE DEFENSE: PARTY EXCEPTION**

Plaintiff's claim is barred by the party exemption to liability under Section 631(a) of the California Penal Code.

**FOURTEENTH AFFIRMATIVE DEFENSE: NO INTERCEPTION IN TRANSIT**

Plaintiff's claims are barred in whole or in part because none of her communications with Defendant were intercepted, read, or learned by third parties while the communication was "in transit" or while the communication was "being sent" or "received."

**FIFTEENTH AFFIRMATIVE DEFENSE: LACK OF CAUSATION**

Plaintiff's claims are barred, in whole or in part, on the basis that Defendant has not directly and/or proximately caused cognizable injury to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE: LACK OF INJURY**

Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff has not suffered any cognizable injury and has not been sufficiently damaged to obtain any requested belief.

**SEVENTEENTH AFFIRMATIVE DEFENSE: LACK OF IRREPARABLE HARM**

Plaintiff's request for injunctive relief is barred, in whole or in part, because Plaintiff has not suffered and will not suffer irreparable harm from any of the alleged conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE: ADEQUATE REMEDY AT LAW**

Plaintiff's request for injunctive relief is barred, in whole or in part, because there exists an adequate remedy at law to compensate Plaintiff for its alleged injuries.

**ADDITIONAL DEFENSES**

FKA reserves the right to assert additional defenses based on information later obtained or discovered or for any other reason permitted under applicable rules or laws.

FKA reserves the right to raise any other defenses that are not affirmative or special defenses, or to which the law is unclear or unsettled as to whether such defense constitutes an affirmative or special defense.

FKA reserves the right to otherwise deny liability, and FKA's use of the label of "affirmative defense" should in no way be construed to be an admission of any sort, including as it pertains to which party bears the burden of proof on any issue.

**PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, FKA denies that Plaintiff is entitled to any of the relief it requests in its Prayer for Relief, or any other relief in this Action. FKA requests entry of judgment in its favor and against Plaintiff. FKA also requests that the Court award it such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

FKA respectfully demands a trial by jury of any and all issues triable by right of a jury.

DATED: May 29, 2025

By: /s/ Mark A. Cantor
Mark A. Cantor (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400

Thomas A. Runk (SBN101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Telephone: (213) 622-3003

*Attorneys for Defendants*